506 So.2d 823 (1987)
Catherine Bonita SCOTT, Natural Tutrix of the Minor, Kendrill Davon Jackson
v.
BARCLAY'S AMERICAN LEASING SERVICE, INC., the Motor Convoy, Inc., Michael Bennett and Transport Insurance Company.
BITUMINOUS CASUALTY CORPORATION
v.
Michael W. BENNETT, the Motor Convoy, Inc. and Transport Insurance Company.
Nos. CA 86 0279, CA 86 0280.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Writ Denied June 19, 1987.
*825 Larry C. Dupuis, Crowley, for plaintiff-appellee Catherine Bonita Scott on behalf of Kendrill Davon (Scott) Jackson.
James E. Moore, Franklin, Moore & Walsh, Baton Rouge, for plaintiffs-appellees Bituminous Cas. Corp., (also as defendant and as compensati intervenor) and La. Church Contracting Services, Inc.
Ernest L. O'Bannon, John C. Tollefson, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-appellant Michael Bennett, The Motor Convoy, Inc. and Transport Ins. Co.
Before EDWARDS, WATKINS and Le BLANC, JJ.
Le BLANC, Judge.

FACTS
On March 11, 1982, at approximately 11:00 a.m., Douglas Benoit was driving his Plymouth Valiant in a northerly direction on Louisiana Highway 1 approximately two miles north of Thibodaux, Louisiana. Marcus Ellis and Doug Percle were passengers in Benoit's vehicle. As Benoit approached the Ellis' private driveway, he turned on his blinker light and either slowed or stopped his car in order for the southbound lane to clear so that he could turn left onto the Ellis' driveway.
The vehicle immediately following Benoit was a truck driven by Joseph Jackson, Jr. in the course and scope of his employment with Louisiana Church Contracting Services, Inc. The trial court found that Mr. Jackson was not paying proper attention to his driving because while Benoit's vehicle was stopped, Jackson rear-ended Benoit's Plymouth Valiant.
Within seconds of the Jackson-Benoit collision, a tractor-trailor rig driven by Michael Bennett, while in the course and scope of his employment with The Motor Convoy, Inc., ran into the back of Jackson's pickup truck causing it to collide for a second time with Benoit's vehicle.
As a result of these accidents, Marcus Ellis was severely injured and Joseph Jackson, Jr. was killed.
At the time of the accident, Jackson lived, without the benefit of marriage, with Catherine Bonita Scott and her two minor children by other men. Scott and Jackson had one child, Kendrill Davon Scott Jackson, who was 2½ months old at the time of Joseph Jackson Jr.'s death.
On January 10, 1983, Catherine Bonita Scott (Scott) as natural and qualified tutrix of Kendrill Davon Scott Jackson (Jackson) filed suit against Barclay's American Leasing Service, Inc. (Barclay's), The Motor Convoy, Inc. (Motor Convoy), Michael Bennett (Bennett), and Transport Insurance Company (Transport), the liability insurer of Motor Convoy in the Seventeenth Judicial District Court. On January 16, 1983, Bituminous Casualty Corporation (Bituminous), the worker's compensation insurer of La. Church Contracting Services, filed suit against Michael Bennett, The Motor Convoy and Transport Insurance Company in the Nineteenth Judicial District Court to recover property damages, workers' compensation benefits, medical expenses and funeral expenses it paid and would pay in the future to the dependents of Joseph Jackson, Jr. On February 4, 1983, Scott filed suit on behalf of Jackson against Barclay's, The Motor Convoy, Bennett and Transport in the Nineteenth Judicial District Court.
The Bituminous and Scott cases filed in the Nineteenth Judicial District Court were transferred to the Seventeenth Judicial District Court and consolidated with a case filed by Mildred and Wayne Ellis, individually, and on behalf of their minor child, Marcus Ellis, against The Succession of *826 Joseph Jackson, Jr., Jackson's employer, Louisiana Church Contracting Services, Inc., Bituminous Casualty Corporation, Bennett, The Motor Convoy and Transport Insurance Company.
On June 29-30, 1985, trial was conducted in the Seventeenth Judicial District Court on the Ellis, Scott and Bituminous cases. The trial court made the following findings of law and fact regarding the Scott and Bituminous cases.
(1) Douglas Benoit was free from fault in both collisions.
(2) The first Benoit-Jackson collision was caused 100 percent by Jackson.
(3) The Jackson-Bennett collision was caused 100 percent by Bennett.
(4) The damages sustained by the Ellises were caused 50 percent by Jackson and 50 percent by Bennett.
(5) Catherine Bonita Scott, as tutrix of the minor child, Kendrill Scott Jackson, is entitled to $8,000.00 for loss of past support, $35,000.00 for future support, $100,000.00 for the loss of love and companionship as a result of the death of his father, Joseph Jackson, Jr. and $12,000.00 for Mr. Jackson's conscious pain and suffering from the time of the accident until his resulting death from The Motor Convoy, Inc., Michaell Bennett, and Transport Insurance Company, in solido.

(6) Bituminous Casualty Corporation is entitled to recover the sum of $5,621.42, representing $2,621.42 in medical expenses and $3,000.00 for funeral expenses incurred on behalf of Joseph Jackson, Jr. from Michael Bennett, The Motor Convoy, Inc. and Transport Insurance Company, and all sums paid or to be paid as Workers' Compensation Benefits on behalf of Joseph Jackson, Jr. to Catherine Bonita Scott, Kendrill Scott Jackson, and the two remaining children of the Jackson household.
On December 3, 1985, judgment was signed by the Seventeenth Judicial District Court awarding Catherine Bonita Scott, as tutrix of Kendrill Scott Jackson, $151,000.00 instead of the $155,000.00 awarded under the judge's written reasons for judgment.

ASSIGNMENTS OF ERROR
Michael Bennett, The Motor Convoy, Inc. and Transport Insurance Company filed a peremptory exception of no cause of action for the first time on appeal.
In addition, these defendants-appellants filed the following specifications of error:
(1) The court's finding that Joseph Jackson's negligence was neither the sole cause nor the concurrent cause of the accident resulting in his death was clearly erroneous.
(2) The damages awarded to Catherine Bonita Scott, as tutrix of the minor, Kendrill Davon Scott Jackson, were excessive.
(3) The court erred in failing to follow La. R.S. 23:1103 and in making an award in favor of Bituminous Casualty Corporation against Michael Bennett, The Motor Convoy and Transport Insurance Company for past and future compensation paid and to be paid to Kendrill Scott Jackson.
(4) The court erred in awarding judgment in favor of Bituminous Casualty Corporation for amounts paid or to be paid by Bituminous for the benefit of Catherine Bonita Scott and her two minor children by men other than Joseph Jackson, Jr.
The plaintiff-appellee, Catherine Bonita Scott, answers and files one assignment of error in which she contends that the trial court erred in awarding $155,000.00 to Kendrill Scott Jackson in its written reasons for judgment yet awarded only $151,000.00 in the judgment itself. Although raised, this assignment of error was not briefed and is considered abandoned on appeal. Uniform Rules-Courts of Appeal Rule 2-12.4. It is impossible for this Court to determine the exact amount of past and future loss of support damages the trial court intended to award Kendrill Jackson because of the discrepancies within the written reasons for judgment. On *827 page 11 of the written reasons, the trial court awarded $8,000.00 for loss of past support, $35,000.00 for loss of future support, $100,000.00 for loss of love and companionship, and $12,000.00 for Mr. Jackson's pain and suffering, for a total of $155,000.00. However, on page 22 of the written reasons, the court, in its conclusion, awarded $100,000.00 for loss of love and affection, $38,000.00 for past and future loss of support, and $12,000.00 for Mr. Jackson's pain and suffering, for a total of $150,000.00. The judgment itself awarded a lump sum of $151,000.00 to Kendrill Scott Jackson. Since the appellee neither filed a motion for new trial nor briefed the discrepancy on appeal, the award of $151,000.00 is affirmed.

NO CAUSE OF ACTION
This court has discretion to consider a peremptory exception filed for the first time in the Court of Appeal if it is filed prior to submission of the case for decision and if proof of the grounds appears in the record. La. Code Civ.P. art. 2163; Whittington v. Hopfensitz, 321 So.2d 836, 839 (La.App. 1st Cir.1975).
The appellants contend that Bituminous Casualty Corporation has no cause of action because Bituminous knew that Catherine Bonita Scott, on behalf of Kendrill Scott Jackson, had filed suit in the Seventeenth Judicial District Court and yet, Bituminous failed to intervene in that suit. Instead, Bituminous chose to file a separate suit in the Nineteenth Judicial District Court to recover the workers' compensation benefits paid as a result of the death of Joseph Jackson, Jr.
It is not clear from the record or the briefs in this case whether or not Bituminous received proper notice, as required by La. R.S. 23:1102(A), of the suit filed by Scott in the Seventeenth Judicial District Court prior to the time Bituminous filed their suit in the Nineteenth Judicial District Court. We think the result in this exception would be the same even if Bituminous received notice of the prior suit for the following reasons.
La. R.S. 23:1101[1] allows the employer or his compensation insurer to seek redress from a third person causing injury to its employee, for which the employee is entitled to compensation. Under La. R.S. 23:1102(A)[2], if either the employer or the employee brings suit against a third person as provided by La. R.S. 23:1101, the other may intervene. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La. 1980).
Although the statute provides that the other party may intervene as a party plaintiff *828 if either the employee or the employer sues the third-party tortfeasor, the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against the third-party tortfeasor. Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d 650 (La.App. Orl. Cir.1951).
It is important to note that in Todd-Johnson the employee filed suit first and gave proper notice to the employer or his workers' compensation insurer. The employer chose not to intervene and allowed the employee to obtain a final judgment against the tortfeasor. After a final judgment was rendered, the employer brought a separate suit against the tortfeasor to recover benefits paid to the employee or his dependents.
One apparent purpose for preferring to require intervention of an employer or an employee into a lawsuit previously filed by the other is to prevent the third-party tortfeasor from having to defend two separate lawsuits based on the same delictual and quantum facts. Another reason for allowing intervention is to protect the employer from losing his right to indemnification in the event of a lawsuit by the employee against the tortfeasor. Roche, 381 So.2d at 401.
In the case presently before us, both appellants and appellees filed three separate lawsuits within one month of each other. (i.e.: January 10, 198317th Judicial District Court by Scott; January 16, 198319th Judicial District Court by Bituminous and February 4, 198319th Judicial District Court by Scott). The two suits filed in the Nineteenth Judicial District Court were transferred and consolidated with the suits pending in the Seventeenth Judicial District Court and tried before one judge in the Seventeenth Judicial District Court. The purposes behind requiring intervention will not be defeated by allowing both the employee's and the employer's claims to remain valid in order to protect the employer's right to indemnification for workers' compensation benefits paid as a result of the death of Joseph Jackson, Jr. The third-party tortfeasor was not required to defend two separate lawsuits.
Since all of the cases were consolidated, all of the parties knew of the applicable statutes involved, yet proceeded to allow the cases to go to trial. Accordingly, we overrule the exception of no cause of action and will treat the employer's suit as an intervention.

ASSIGNMENT OF ERROR NO. 1
Appellant contends that the trial court erred when it found that Joseph Jackson's negligence was neither the sole cause nor the concurrent cause of the accident resulting in his death.
The trial court, in its written reasons for judgment, concluded that although Jackson was 100 percent at fault in causing the collision between his car and the Benoit vehicle, he was not at fault in causing the collision between his car and Bennett's tractor-trailor rig. However, the court found as to the injuries to Marcus Ellis, both Jackson and Bennett were 50 percent liable.
The trial court's findings of fact are entitled to great weight and will not be disturbed absent a finding that they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
A consideration of the law governing liability of a following motorist in a rear-end collision reveals that there are at least three possible results as to a following motorist: (1) the following motorist may be liable, when the facts call for application of the general rule that a following motorist who strikes a car ahead is presumed to be negligent, and bears the burden of proving he was not at fault, Eubanks v. Brasseal, 310 So.2d 550 (La.1975); (2) the following motorist may exculpate himself from liability when the facts establish that he kept his vehicle under control, observed the lead vehicle, and followed at a safe distance, Cosse v. Bruley, 445 So.2d 41 (La.App. 4th Cir.1984), or where the accident occurs as the result of a sudden emergency not the fault of the following vehicle and which could not have been reasonably anticipated, Cosse v. Bruley, supra; and, *829 (3) both the leading and the following motorist may be at fault, where the driver of the lead vehicle stops his car abruptly without giving any warning or proper signal, and the driver of the following vehicle fails to keep a proper lookout. Dykes v. Lowrance, 146 So.2d 171 (La.App. 3d Cir.1962).
It is the opinion of this court that both Joseph Jackson Jr. and Michael Bennett were negligent in causing the accident which resulted in the death of Joseph Jackson, Jr. In modifying a trial court's allocation of fault, we apply the principle that we decrease fault to the highest percentage or increase fault to the lowest percentage a reasonable finder of fact could have found. Efferson v. State, Through Dept. of Tran. & Dev., 463 So.2d 1342, 1352 (La.App. 1st Cir.1984), writ denied, 465 So.2d 722 (La. 1985).
The trial court concluded that Jackson was solely at fault in causing the first collision between the Jackson and Benoit vehicles. Jackson's negligence in causing the first accident resulted in Jackson's vehicle being stopped abruptly and without warning. Michael Bennett was negligent in not keeping a proper lookout for the traffic ahead of him and maintaining a safe distance from Jackson's vehicle. We find that the trial court's allocation of 100 percent fault on Bennett for the collision between the Jackson and Bennett vehicle to be manifestly erroneous.
For these reasons, this Court reverses the trial court and finds that Michael Bennett was 75 percent negligent and Joseph Jackson, Jr. was 25 percent negligent in causing the accident which resulted in Jackson's death.

ASSIGNMENT OF ERROR NO. 2
Appellant contends that the damages awarded Catherine Bonita Scott as tutrix of the minor, Kendrill Davon Scott Jackson were excessive.

(a) Loss of love and affection
The trial court awarded Jackson $100,000.00 for the loss of love and affection as a result of the death of his father, Joseph Jackson, Jr. At the time of his father's death, the minor was approximately ½ months old. There was testimony submitted to the trial court indicating that Joseph Jackson, Jr. was very attentive and close to his son. The period during which Kendrill Scott Jackson will suffer the loss of love and affection of his father will be an extensive one.
Before an appellate court can disturb a quantum award, the record must clearly reflect that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
From the record submitted, we cannot say the trier of fact abused its discretion in awarding Kendrill Jackson $100,000.00 for the loss of love and affection resulting from the death of his father; therefore, the award is affirmed.

(b) Joseph Jackson's pain and suffering
The trial court awarded Jackson $12,000.00 for the pain and suffering experienced by Joseph Jackson, Jr. from the time of the accident until his death. It was stipulated that an automobile accident involving Joseph Jackson, Jr. occurred on March 11, 1982, and, as a result of the accident, Jackson was conscious for approximately 15 minutes after which he became unconscious and later died. During the time Jackson was conscious, he was walking around with extensive injuries to his head, crying and muttering in pain.
In examining similar awards for pain and suffering when the individual was alive for only a short period of time between the accident and his death, we cannot say that the trial court abused its discretion. Coco v. Winston Industries, supra.
See: Johnson v. Georgia Cas. & Sur. Co., 488 So.2d 1306 (La.App. 3d Cir.1986) award of $25,000.00 for pain and suffering experienced when decedent was crushed between a "Caterpillar" machine and a trailer. Decedent was able to walk around and talk for approximately five to thirty minutes before losing consciousness. Dotson v. Matthews, 480 So.2d 860 (La.App. 2d *830 Cir.1985), writ denied, 481 So.2d 1336 (La. 1986)award of $15,000.00 for pain and suffering experienced by decedent in an automobile accident. Decedent was conscious and able to speak for 10-15 minutes before lapsing into unconsciousness.

ASSIGNMENT OF ERROR NO. 3
Appellant contends that the trial court erred in entering a judgment in favor of Bituminous Casualty Corporation against Bennett, The Motor Convoy and Transport Insurance Company for past and future compensation benefits paid to Kendrill Scott Jackson rather than apportioning the tort judgment to allow Bituminous to recover the benefits paid to Jackson from the judgment in favor of Scott. We agree.
Since we have previously held that Bituminous will be treated as an intervenor in Scott's lawsuit against Bennett, The Motor Convoy and Transport Insurance Company, the judgment in favor of Scott on behalf of Jackson must be apportioned under La. R.S. 23:1103[3] to allow Bituminous to recoup benefits paid to Kendrill Scott Jackson from that judgment. (As to the benefits Bituminous paid to Scott and her two minor childrensee Assignment of Error No. 4).
Prior to 1985, La. R.S. 23:1101 did not specifically apply the laws of comparative negligence to recovery of workers' compensation benefits by the employer or his workers' compensation insurer. However, this court is of the opinion that when comparative negligence was adopted in Louisiana, the doctrine was equally applicable to workers' compensation recovery under La. R.S. 23:1101. For this reason, the judgment in favor of Scott on behalf of Kendrill Jackson will be amended and apportioned such that Bituminous will be allowed to recover 75 percent of the benefits paid to Kendrill Jackson.
On October 23, 1986, Catherine Bonita Scott, individually, and as natural tutrix of her minor children, entered into a compromise agreement[4] with Bituminous Casualty Corporation and Louisiana Church Contracting Services for the future workers' compensation benefits owed as a result of the death of Joseph Jackson, Jr. The agreement stipulated that as of October 23, 1986, Bituminous had paid workers' compensation benefits of $35,256.00, medical expenses of $2,621.42 and funeral expenses of $3,000.00 to Scott and her three minor children. The parties entered into a compromise of $65,000.00 for future benefits which represented $21,000.00 for the future claims of Kendrill Jackson and $44,000.00 for the future claims of Scott and her two minor children, Clinton Keith Scott and Tammy Monette Jordan.
Under this agreement, Bituminous has paid $17,628.00 (50 percent of past benefits paid) to Kendrill Jackson in past workers' compensation benefits and $21,000.00 for future benefits owed to him for a total of $38,628.00.
Because we find Joseph Jackson, Jr. to be 25 percent contributorily negligent for *831 the accident which resulted in his death, Bituminous is entitled to recover $28,971.00 from the judgment rendered in favor of Scott in Suit No. CA-86-0279.

ASSIGNMENT OF ERROR NO. 4
Appellant contends that the court erred in awarding judgment in favor of Bituminous Casualty Corporation for the amounts paid or to be paid by Bituminous for the benefit of Catherine Bonita Scott and her two minor children by men other than Joseph Jackson, Jr. This assignment of error is without merit.
La. R.S. 23:1101 gives the employer or his workers' compensation insurer the right to recover any amount which he had paid or become obligated to pay as compensation to such employee or his dependants. The employer's right to recover the benefits paid to an employee or his defendants may extend beyond the right of the beneficiary of the proceeds to bring suit under LSA-C.C. art. 2315 against the third party tortfeasor.
In Board of Commissioners of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313 (1953), an employer paid workers' compensation benefits to the illegitimate child of one of plaintiff's employees who was killed while in the course and scope of his employment. The employer filed suit against the tortfeasor under La. R.S. 23:1101-1102 to recover the benefits paid to the illegitimate child. The tortfeasor filed exceptions of no right and no cause of action. The Supreme Court stated that the sole purpose of paragraph one of R.S. 23:1101 was to reserve to the injured employee or his dependent, on making a claim to or receiving compensation, whatever right or cause of action he has against the third person tortfeasor. If he had no cause of action against the tortfeasor, the reservation is ineffectual. In other words, the employee is not required to choose either workers' compensation benefits or a damage award under LSA-C.C. art. 2315. If the employee is entitled to both actions, then under art. 23:1103, the employer receives reimbursement for the amount of benefits paid to the employee or his dependent that brought the tort suit under art. 2315 against the third person tortfeasor. However, the court opined that just because the dependent illegitimate child was without the capacity to bring a suit under art. 2315 against the tortfeasor, that incapacity was not imposed on the employer. The employer is unqualifiedly authorized to assert, to the extent of obtaining indemnification for the compensation which he is obligated to pay, the cause of action that arose originally in favor of the employee from the third person's actionable negligence. Therefore, the court overruled the exceptions of no right and no cause of action and allowed the employer to bring suit against the tortfeasor for the benefits paid even though the dependent was prohibited under LSA-C.C. art. 2315 to assert a tort action against the tortfeasor.
Similarly, in Thomas v. Matthews Lumber Company of Mansfield, 253 La. 1, 215 So.2d 832 (1968), the Supreme Court reaffirmed its holding in Board of Commissioners of Port of New Orleans, supra, and allowed an employer to recover benefits from a third party tortfeasor which the employer paid to an illegitimate child of one of its employees even though the illegitimate child could not assert its own cause of action under LSA-C.C. art. 2315.
Although under the facts of these cases, the beneficiary would be able to recover now under LSA-C.C. art. 2315, this court is of the opinion that the principle remains applicable in instances in which "other dependents" under the Act do not have actions for wrongful death. Thus, we hold that for compensation actually paid or required to be paid under the Louisiana Workers' Compensation Act, an employer or his workers' compensation insurer is entitled to indemnification from the third-party tort-feasor even when the "other dependent" under the Act would not have an action for wrongful death against the same third party tortfeasor. However, the amount of recovery will be reduced by the percentage of the employee's negligence which contributed to the accident. See Malone and Johnson, Worker's Compensation Law and Practice § 370.
*832 In light of our finding that Joseph Jackson, Jr. was 25 percent contributorily negligent, Bituminous Casualty Corporation is entitled to receive $13,221.00 in past benefits, $33,000.00 in future benefits, and $4,216.06 for medical and funeral expenses, paid to Catherine Bonita Scott and her two minor children, Clinton Keith Scott and Tammy Monette Jordan in Suit No. CA-86-0280.
For the above reasons, we amend in part, and as amended, affirm to provide the following:
1. Suit No. CA-86-0279, Catherine Bonita Scott, as natural tutrix of the minor, Kendrill Davon Jackson, is entitled to receive from The Motor Convoy, Inc., Michael Bennett, and Transport Insurance Co., in solido, $113,250.00, plus judicial interest from the time of demand, subject to the claims of Bituminous Casualty Corporation and Louisiana Church Contracting Services, Inc. for $28,971.00 for 75 percent of the workers' compensation benefits paid to Kendrill Davon Jackson.
2. Suit No. CA-86-0280, Bituminous Casualty Corporation and Louisiana Church Contracting Services, Inc. are entitled to receive from The Motor Convoy Inc., Michael Bennett, and Transport Insurance Company, in solido, $50,437.05 for 75 percent of the workers' compensation benefits, funeral expenses and medical expenses paid to Catherine Bonita Scott and her two minor children, Clinton Keith Scott and Tammy Monette Jordan, as a result of the death of Joseph Jackson, Jr.
AMENDED IN PART, AND AS AMENDED AFFIRMED.
NOTES
[1] § 1101 Employee and employer suits against third persons; effect on right to compensation

A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. Amended by Acts 1985, No. 931, § 1.
[2] § 1102. Employee or employer suits against third persons causing injury; notice of filing

A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
[3] § 1103 Damages; apportionment of between employer and employee in suits against third persons; compromise of claims

In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
Amended by Acts 1958, No. 109, § 1.
[4] Court approved worker's compensation settlement. In the Matter of the Minority of Kendrill Davon Scott, et al, Probate Number 11,996, of the 15th Judicial District Court for the Parish of Acadia.