548 So.2d 339 (1989)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
AMERICAN HOLDING CORPORATION, et al.
No. 88 CA 0561.
Court of Appeal of Louisiana, First Circuit.
June 5, 1989.
*340 Christine Lipsy, Baton Rouge, for South Central Bell Telephone Co.
Andre Coudrain, Hammond, for Lois B. Anglin.
Arthur Cooper, Baton Rouge, for Commercial Union Ins. Co., Cabot, Cabot & Forbes Co., American Holding Corp., Great American Corp.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
This case results from a slip-and-fall accident involving a wet floor in the lobby of One American Place, Baton Rouge, Louisiana. Plaintiff/employer, South Central Bell Telephone Company, filed suit against numerous defendants[1] to secure reimbursement for worker's compensation benefits plaintiff paid to its employee, Mrs. Lois B. Anglin. Subsequently, Mrs. Anglin intervened against the same defendants named in the original petition for damages due to pain and suffering, mental anguish, and lost wages.
After a bench trial, the judge fixed the percentage of fault at 10% for the defendants and 90% for Mrs. Anglin. He awarded plaintiff, South Central Bell, and plaintiff/intervenor, Mrs. Anglin: $20,000.00 in general damages, $8,905.00 for medical benefits, $653.50 for worker's compensation weekly benefits, and $6,000.00 for lost wages. The award in favor of Mrs. Anglin of general damages and lost wages was reduced by her percentage of contributory negligence. Out of Mrs. Anglin's award, South Central Bell was awarded $8,905.00 in medical benefits and $653.50 in worker's compensation weekly benefits previously paid.
Mrs. Anglin and the defendants have perfected this devolutive appeal. Mrs. Anglin assigns the following specifications of error:

*341 1. The trial judge erred in awarding only $8,905.00 in medical expenses when all parties stipulated that amount of medical expenses as a result of the fall was $15,868.17.
2. The trial judge was clearly wrong in his determination that Mrs. Anglin was 90% contributory negligent in the fall.
3. The trial judge abused his discretion in awarding Mrs. Anglin only $20,000.00 in general damages.
4. The trial judge abused his discretion in awarding Mrs. Anglin $6,000.00 in lost wages.
5. The trial judge abused his discretion in failing to award Mrs. Anglin future medical expenses.
The defendants appeal claiming that the trial judge erred in failing to reduce the worker's compensation carrier's recovery by the percentage of negligence attributable to Mrs. Anglin.
The record indicates that on February 12, 1982, Mrs. Anglin had driven in the rain from Hammond, Louisiana to her place of employment at One American Place, Baton Rouge, Louisiana. The trial court found that when she entered One American Place around 7:45 a.m., she knew that the soles of her shoes were wet and assumed that because of the inclement weather the floor was likely to be wet. She walked for a distance of approximately 10 to 12 feet and then traversed a portion of a mat. As she stepped off the mat, she fell and injured her leg. Mrs. Anglin had previously walked through this area routinely for six to nine months. She did not report the incident until two weeks later.

ASSIGNMENT OF ERROR NO. 1
Mrs. Anglin claims that all parties stipulated that the amount of medical expenses as a result of the fall was $15,868.17. However, the defendants allege that they did not stipulate that the medical expenses in the amount of $15,868.17 were causally connected to the "alleged fall Mrs. Anglin suffered," nor did they stipulate that the medical expenses were recoverable. A court of appeal can not disturb a finding of fact unless it is demonstrated that it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). A review of the record does not demonstrate any manifest error on behalf of the trial judge regarding the awarding of less medical expenses than were introduced by Mrs. Anglin. The medical treatment of Mrs. Anglin by Dr. Wilcox, her treating physician, was comprehensive such that the treatment of the injured leg was administered simultaneously with treatment of various other conditions. The trial judge was not manifestly erroneous in awarding only a portion of the medical expenses since the submitted expenses included expenses for the treatment of other conditions as well as expenses for the treatment of the injured leg. Additionally the record reflects that the amount of medical expenses awarded under tort corresponds exactly to the amount paid for medical expenses under worker's compensation. We cannot say the trial court was wrong. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Mrs. Anglin claims that the trial judge was clearly wrong in his determination that she was 90% contributory negligent in her fall. The trial judge's basis for his allocation of percentages of fault is clearly set forth in his written reasons for judgment. A portion of his written reasons states that:
[t]he test for the building owner as to proper clean-up procedure is whether he made a reasonable effort to insure against slip-and-fall accidents under the circumstances. Kavlich v. Kramer, 315 So.2d 282 (La.1975); Hanzo v. Travelers Insurance Co., 357 So.2d 1346 (La.App. 4th Cir.1978); Jones v. Recreation and Park Commission of the Parish of East Baton Rouge, 395 So.2d 846 (La.App. 1st Cir.1981). One American Place's rainy day procedure was to display "wet floor" signs and to periodically check for the need to mop any water. A porter, who is responsible for the procedure, reported to work between 6:30 a.m. and 7:00 a.m. Mrs. Anglin testified that there were no wet signs posted, but even if this were *342 so, she knew of the rain and of the likelihood of a wet floor. There was no contradictory testimony from the defendants as to what exactly happened on the day of the fall because Mrs. Anglin did not report the accident until two weeks later. Under these circumstances the court determines that for the most part One American Place's procedures were reasonable and adequate.
Now, the trial court based on all the evidence determines under comparative negligence of Louisiana Civil Code article 2323 that the plaintiff, Mrs. Anglin, was 90% at fault, primarily because of her superior knowledge of the hazard.
The trial judge relied in part on the case of Riley v. Winn-Dixie Louisiana, Inc., 489 So.2d 931 (La.App. 5th Cir.), writs denied, 494 So.2d 329 (La.1986), which involved the slip and fall of a knowledgeable plaintiff on a rainy day. The Fifth Circuit in Riley upheld the trial court which found the plaintiff 90% at fault and stated that "[s]ince the plaintiff was aware of the inclement weather and should have known the risk of proceeding into the store without first drying off, the primary cause of the fall was allotted to her...." Riley, 489 So.2d at 935.
We have carefully reviewed the record and cannot say that the trial judge was clearly wrong in finding both Mrs. Anglin and the defendants at fault. Nor can we say the trial judge erred in allotting the negligence 90% to Mrs. Anglin and 10% to the defendant. We find no error.

ASSIGNMENTS OF ERROR NOS. 3 and 5
Mrs. Anglin claims that the trial judge abused his discretion in awarding only $20,000.00 in general damages. Before a court of appeal can disturb a quantum award made by the trial judge, the record must clearly reveal that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, 341 So.2d 332 (La.1977). The evidence before us furnishes no reasonable basis for an increase of the quantum award made by the trial judge. In fact the evidence, including the plaintiff's own testimony, seems to indicate that an intervening cause such as playing tennis or yard work was the cause of her leg problems. Under these circumstances we find this $20,000.00 general damages award to be neither excessive nor inadequate and it will not be disturbed.
Mrs. Anglin also contends that the trial judge erred in failing to award future medical expenses. A review of the record in this case indicates that the trial judge was correct in denying recovery for future medical expenses as there is no evidence that Mrs. Anglin would require future medical treatment for her leg. We find no error.

ASSIGNMENT OF ERROR NO. 4
Mrs. Anglin contends that the trial judge abused his discretion in awarding only $6,000.00 in lost wages. Mrs. Anglin claims that she was entitled to a total of $10,568.57 in lost wages for a two year period. Mrs. Anglin testified that during each year of this two year period, she had a contract with the state. Both contracts had an annual minimum hour requirement and an annual maximum hour limit. Both years Mrs. Anglin came very close to the maximum limit. For example, in 1984 she was sixty-six hours short of the maximum limit, which equaled earnings of $1,537.14. She alleges that, except for her injury, she would have worked the maximum number of hours plus additional hours which would have been added to her contract. She alleges that the state would have then renegotiated her contracts to allow her to work more hours and thus make more money. However, the only evidence in support of this argument was her own testimony concerning lost wages. Such evidence was speculative at best. Under the facts of this case, we find the trial judge did not abuse his discretion in awarding lost wages of $6,000.00.

DEFENDANTS' ASSIGNMENT OF ERROR
Defendants contend that the trial judge erred in failing to reduce the worker's *343 compensation carrier's recovery by the percentage of negligence attributable to Mrs. Anglin. South Central Bell contends that because the accident occurred February 12, 1982, its right to reimbursement under LSA-R.S. 23:1101 vested at the time of the accident. For this reason, South Central Bell argues, the 1985 amendment of LSA-R.S. 23:1101 allowing reduction of the worker's compensation insurer's recovery in accordance with the employee's degree of fault should not apply because it would deprive South Central Bell of vested rights.
South Central Bell's contention is without merit. In Thomas v. Hartford Insurance Company, 540 So.2d 1068 (La.App. 1st Cir.1989), writ denied, 542 So.2d 516 (La.1989), and Scott v. Barclay's American Leasing Service, Inc., 506 So.2d 823, 830 (La.App. 1st Cir.1987), writ denied, 508 So.2d 88 (La.1988), this Circuit reduced the recovery of the worker's compensation insurers by the employees' percentages of fault where the accidents occurred on June 28, 1983 and March 11, 1982 respectively. The court's rationale was that "when comparative negligence affected the claimant's tort recovery it also affected the reimbursement, since the reimbursement was limited to the amount of the judgment in the claimant's favor." W. Malone and H. Johnson, 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice § 371, pp. 76-77 n. 39.5 (1988 pocket part). Based on the Thomas and Scott cases, we find that the trial court erred in not reducing South Central Bell's award against the defendants by 90%.[2]
Therefore, we amend the trial judge's judgment to reduce South Central Bell's award against the defendants by 90%. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are to be shared equally by Mrs. Anglin and South Central Bell.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] American Holding Corporation; Cabot, Cabot and Forbes Company; Great American Corporation and Commercial Union Insurance Company.
[2] As noted by South Central Bell in brief, our colleagues on the Second, Third and Fourth Circuits have not reached the same result. See Vallere v. Nicor Exploration Co., 512 So.2d 514, 519 (La.App. 3d Cir.1987); Williams v. American Crescent Elevator Co., 518 So.2d 1091, 1096 (La. App. 4th Cir.1987), writs denied, 521 So.2d 1189, 1190 (La.1988); Gadman v. State, through Department of Transportation and Development, 493 So.2d 661, 670 (La.App. 2d Cir.1986); See also Jacques v. Otis Elevator Co., 677 F.Supp. 444 (M.D.La.1987).