LeBLANC, Judge.
The issues in this slip and fall case concern whether plaintiff was guilty of any comparative fault and quantum.
PACTS
On February 7, 1987, Dorothy Wells was shopping at a Winn-Dixie located in Baton Rouge, Louisiana. As she shopped, she pushed a grocery cart in front of her. She had turned the corner from the dairy aisle onto the beverage aisle and proceeded a short distance down the latter when her right leg began sliding and she fell to the floor, landing hard on her buttocks. At that time, plaintiff noticed she had slipped on a foreign substance, which appeared ter be some type of cream dip. Plaintiff immediately reported the accident to the store manager, checked out her purchases and went home. Later that evening, her back and legs began hurting and she went to the emergency room at Baton Rouge General Hospital. After x-rays were taken, she was given medication and allowed to return home.
Thereafter, plaintiff continued to suffer pain in her back and right leg and was treated by several physicians. She was eventually diagnosed as having an abnormal, degenerative disc at L5-S1 and a ruptured disc at L2-3.
Plaintiff subsequently filed the present personal injury suit against Winn-Dixie Louisiana, Inc. (Winn-Dixie). After a trial by jury, a verdict was rendered finding Winn-Dixie fifty-two percent at fault and plaintiff forty-eight percent at fault in causing her injuries. The jury found plaintiff had suffered the following damages, which were subject to a forty-eight percent reduction due to plaintiffs comparative fault: $20,000.00 for physical pain and suffering and mental anguish; $39,000.00 for past and future medical expenses; and $4,800.00 for lost wages. The trial court rendered judgment in accordance with this verdict. Plaintiff now appeals, arguing that the jury erred in assessing her with any comparative fault and in awarding an inadequate amount in general damages. Winn-Dixie answered the appeal, contending the jury erred in awarding an excessive amount for medical expenses and in making any award for lost wages.
COMPARATIVE FAULT
Plaintiff contends that comparative negligence as a matter of law is not applicable in slip and fall cases which occur in the display areas of retail stores/supermarkets, because of the higher duty imposed on the storekeeper due to the distractions to the shopper’s attention created by the displayed merchandise. We disagree.
In Kimble v. Wal-Mart Stores, Inc., 539 So.2d 1212, 1214 (La.1989), the Louisiana Supreme Court observed that:
“An actor’s duty to keep a proper lookout is diminished when shelved merchandise distracts his attention.”
However, the Supreme Court clearly indicated that, while the actor’s diminished duty to maintain a lookout is a major factor in apportioning fault, it does not preclude that actor as a matter of law from being found guilty of comparative fault. The court noted that the apportionment of the parties’ relative degrees of fault required weighing their conduct in light of the five following factors, as delineated in Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 974 (La.1985):
(1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.
The Court indicated that the plaintiff’s diminished duty to maintain a lookout was pertinent with respect to the fifth factor in that Kimble’s “failing to see the toy rockers [over which he tripped] was extenuated by his attention to the merchandise displayed on the shelves.” Kimble, at 1214. Nevertheless, due to his failure to see the object over which he tripped, Kimble was assessed a percentage of comparative *213 fault, although the Supreme Court reduced the amount assessed by the Court of Appeal from fifty percent to twenty-five percent. Thus, the Supreme Court’s analysis in Kimble makes it clear that each slip and fall case must be evaluated upon its own particular facts and that the shopper’s diminished duty is but one factor, albeit a significant one, in determining the parties’ relative degrees of fault, if any.
In the present case, Dorothy Wells was assessed forty-eight percent fault. The jury obviously felt she was negligent in failing to observe the spilled substance in the aisle directly in front of her. During her testimony, plaintiff stated that this spill consisted of an entire container of some sort of dip and she drew a diagram for the jury illustrating the size of the spill. The container itself was also lying in the aisle near the spill. Given this evidence, we can not say the jury committed manifest error in finding plaintiff guilty of some degree of fault.
However, after considering the conduct of the parties in light of the Watson factors, we conclude that, as in Kimble, most of these factors weigh in favor of Mrs. Wells and the jury committed manifest error in assessing such a high percentage of fault to her. First, Mrs. Wells’ failure to observe the spill on the floor was inadvertent. On the other hand, Winn-Dix-ie’s employees were aware of the risks of such accidents and the need to be vigilant for spills. Further, they were in a superior position to prevent the accident because of this knowledge and their control over maintenance of the store. Also, the risk created by Winn-Dixie’s negligence was significant, as evidenced by the serious injury which occurred to plaintiff and the even more serious injuries which might have resulted.[1]
When an appellate court has found an assessment of fault manifestly erroneous in being too high, as in the present case, it can modify the assessment only by reducing it to the highest percentage a reasonable finder-of-fact could have found. Scott v. Barclay’s Amer. Leasing Service, 506 So.2d 823, 829 (La.App. 1st Cir.), writ denied, 508 So.2d 88 (1987). Under the facts present, we conclude plaintiff can be assessed with no more than twenty percent fault. See, Kimble, supra; Lloyd v. TG & Y Stores Co., 556 So.2d 629 (La.App. 2d Cir.1990).
GENERAL DAMAGES
Plaintiff contends that the $20,-000.00 award made by the jury for her general damages is grossly inadequate.
The evidence presented at trial indicated that plaintiff has two distinct disc problems. The discs at L-5/S-1 are abnormal and have undergone some degenerative changes. Although there was medical testimony that this condition could have been congenital or of a chronic nature which could occur with aging, there was also medical testimony that plaintiff’s problems at this level could have been caused by trauma (i.e., the fall). Plaintiff also has a herniated disc at L2. Although she had not had surgery at the time of trial, the medical evidence indicated it was more probable than not she would require separate surgeries at both levels at some point in the future. There was also medical evidence plaintiff would probably suffer a ten to twenty percent disability of the body as a whole after such surgeries. Plaintiff explained that she had not had surgery at the time of trial because she did not have the money to pay for it.
The evidence also revealed that plaintiff suffered from pre-existing spina bifida and had experienced some back problems prior to her fall. In fact, she had visited her family physician complaining of back pain approximately two weeks before her fall. However, her physician felt the origin of these complaints was related to a urinary tract infection she had at that time and was different in nature from the back problems she suffered after the fall.
Plaintiff further testified that she has suffered substantial pain and has been on pain medication ever since the fall. Addi *214 tionally, she stated that she must wear an elastic back brace at all times. Her injury has also necessitated many restrictions, both in her everyday and recreational activities. None of this was true prior to her fall.
Given the medical evidence as to the severity of plaintiff’s injuries, which at the least included a ruptured lumbar disc, as well as her own testimony regarding her pain and suffering, we find that the jury abused its much discretion in awarding her only $20,000.00 in general damages. Accordingly, we must raise this award to the lowest amount reasonably within the jury’s discretion. Archie v. Board of Sup’rs of Louisiana State University, 543 So.2d 1348, 1351 (La.App. 1st Cir.1989). In determining the amount appropriate in this particular case, we are mindful of the fact that plaintiff had experienced some pre-existing back problems and pain. Nevertheless, considering all the circumstances present, we conclude the lowest amount plaintiff reasonably could have been awarded was $75,000.00.
SPECIAL DAMAGES
In its answer to this appeal, Winn-Dixie contends the jury erred in awarding an excessive amount for medical expenses and in awarding plaintiff any recovery for lost wages.
At trial it was established that plaintiff had sustained past medical expenses of approximately $6,000.00. Further, one of her physicians testified that the fusion procedure he recommended she have performed at L-5/S-1 would cost $25,000.00 to $30,000.00. Another physician testified that it was more probable than not she would have to have surgery at the L-2 level, which he estimated would cost approximately $8,000.00.
After subtracting the amount awarded for past medical expenses, the jury awarded plaintiff approximately $33,-000.00 for future medical expenses. Winn-Dixie argues this amount is not supported by the evidence. An award for future medical expenses is by nature somewhat speculative. Peterson v. Western World Ins. Co., 536 So.2d 639, 644 (La.App. 1st Cir.1988), writ denied, 541 So.2d 858 (1989). However, recovery should not be denied because- it is impossible to establish the exact nature, extent and costs of the treatment which will be required. Id. Given the evidence in the record as to the probable surgeries plaintiff will require and their respective costs, we cannot say the jury abused its discretion in making this award.
We now consider the award made to plaintiff for lost wages. An appellate court may disturb such an award only when the trier-of-fact has abused its discretion. Jackson v. Tate, 428 So.2d 882 (La.App. 1st Cir.1983). Further, even if a claim for lost wages can not be established with mathematical certainty, it can be established by any proof that reasonably establishes the claim, such as the plaintiff’s own testimony. Further, an award for loss of future earnings may be based on loss of earning capacity. Peterson, supra. Such an award is not predicated solely on the difference in a plaintiff’s earning before and after an accident, but rather encompasses the reduction in a person’s ability to do that for which he is equipped by nature, training and experience and for which he may receive recompense. Id.
In the instant case, the jury awarded plaintiff $4,800.00 for this item of damages. The evidence revealed that plaintiff had not worked outside the home for compensation since 1979. However, she testified that shortly before her accident she had qualified for a position with an agency that provided sitters for elderly persons and invalids. She further stated that she was contacted by this agency on a few occasions after her fall, but was unable to accept assignments because of her injuries.
The medical evidence supports plaintiff’s claim that she is presently physically disabled from working. Thus, she has clearly sustained a diminution in her earning capacity. Further, the jury could have also concluded she lost the opportunity to earn wages from the sitting service due to her inability to work. Considering these facts, *215 we cannot say the jury abused its discretion in making this award.
DECREE
For the above reasons, the judgment appealed from is amended in the following respects:
1) to reduce the percentage of fault assessed to plaintiff from forty-eight (48) to twenty (20) percent and, correspondingly, to increase the percentage of fault assessed to Winn-Dixie from fifty-two (52) to eighty (80) percent;
2) to increase plaintiffs award for general damages from $20,000.00 to $75,-000.00.
In accordance with our amendment of the percentage of fault, attributable to plaintiff, the damages awarded are subject only to a twenty percent reduction. The judgment is affirmed in all other respects. Winn-Dixie is to pay all costs of this appeal.
AFFIRMED AS AMENDED.

. Since Winn-Dixie did not appeal the finding that it was at fault, this finding is final.