356 So.2d 441 (1977)
CONSOLIDATION LOANS, INC.
v.
Russell A. GUERCIO et al.
No. 11184.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Michael W. McKay, Baton Rouge, of counsel for plaintiff-appellant Consolidation Loans, Inc.
John R. Keogh and Stephen Wilson, Baton Rouge, of counsel for defendant-appellee Russell A. Guercio, et al.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This is a suit by Consolidation Loans, Inc. to revive a judgment on a promissory note against Russell A. Guercio and Helen Kliebert Guercio. The trial court sustained the defendants' peremptory exception of prescription and dismissed the suit. From this dismissal, plaintiff has brought this appeal.
The central issue presented by this appeal concerns the time from which the 10 year liberative prescription on money judgments begins to accrue in a case where an appellate court initially reverses the trial court and renders its own judgment, but subsequently on rehearing the appellate decision is changed and the trial court's decision is affirmed.
Consolidation Loans, Inc., made a loan to Russell and Helen Guercio in the amount of $4,500.00, evidenced by a promissory note dated April 30, 1963. This loan was secured by a mortgage on certain property owned by Mr. and Mrs. Guercio. After the Guercios fell delinquent on their payments, Consolidation instituted a foreclosure proceeding, *442 which resulted in a Sheriff's sale of the property. On July 31, 1964, Consolidation filed suit against Mr. and Mrs. Guercio on their promissory note for a deficiency judgment. Judgment in favor of Consolidation was signed February 9, 1966.
From this judgment, Mrs. Guercio, judicially separated from her husband, perfected an appeal to this Court. Consolidation Loans, Inc. v. Guercio, et al., 200 So.2d 717 (La.App. 1st Cir. 1966). The judgment of the trial court was reversed on original hearing due to the nullity of the executory process proceedings and the Sheriff Sale held pursuant thereto. On rehearing, a supplemental transcript of the trial court proceedings was introduced, which clearly showed that Mrs. Guercio had received notice of the executory proceeding sufficient to maintain its validity. Accordingly, the Court of Appeal reversed the decree issued on the original appeal and affirmed the judgment of the trial court.
The present suit to revive the judgment against Mr. and Mrs. Guercio was filed June 28, 1976. This is more than ten years from the signing of the judgment by the trial court, but less than ten years from the affirmation of the judgment by the Court of Appeal. Consolidation has conceded that the revival action is prescribed as to Mr. Guercio since he did not appeal the deficiency judgment. However, Consolidation maintains that the revival action has not prescribed as to Mrs. Guercio.
The prescriptive period applicable to money judgments is ten years, as stated in Civil Code article 3547. Originally, this article stated that the period began to run from the rendition of the judgment, but the article was amended in 1960 to base the commencement of the ten year period on readily ascertainable dates.
LSA-C.C. art. 3547 (as amended Acts 1960, No. 30, Sec. 1) now provides in pertinent parts:
"A money judgment rendered by a court of this state is prescribed by the lapse of ten years from its signing, if rendered by a trial court, or from its rendition if rendered by an appellate court . . .
Any party having an interest in a money judgment may have it revived before it prescribes . . ."
A trial court judgment is unaffected by subsequent appeals insofar as the ten-year prescription on money judgments is concerned, provided the judgment is affirmed on appeal. Bailey v. Louisiana & Northwest Rail Co., 159 La. 576, 105 So. 626 (1925). This was not changed by the 1960 amendment to Civil Code article 3547. The date on which the trial court judgment is signed starts the ten-year period of LSA-C.C. art. 3547, except in instances where the appellate court amends or reverses the trial judgment, and renders its own judgment on the appeal.
A decree issued by a Court of Appeal on original hearing is not a final judgment until after the case is disposed of on rehearing, if a rehearing is granted. LSA-C.C.P. arts 2166, 2167. In these instances the decree on original hearing is suspended and becomes final by virtue of affirmation on rehearing. However, if the original decree is modified or reversed on rehearing it never attains the status of a final judgment. The decree on rehearing is always the final pronouncement by the Court of Appeal and necessarily supercedes the original decree. The rehearing decree is a final judgment.
The term "judgment" in LSA-C.C. art. 3547 necessarily contemplates a final judgment, though an appeal may still lie from the judgment. The only final judgment rendered in the instant case was the judgment of the trial court, though it was affirmed on appeal. Therefore, the ten-year prescription runs from February 9, 1966, the date the judgment was signed in the trial court, and the prescriptive period had run when the present suit to revive was instituted on June 28, 1976.
The peremptory exception of prescription was properly sustained.
For the foregoing reasons, the decision of the trial court is affirmed at appellant's cost.
AFFIRMED.