549 So.2d 1272 (1989)
David RISK, et al., Plaintiffs-Appellees,
v.
STATE of Louisiana, et al., Defendants-Appellants.
No. 88-648.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
Allen McElroy, Jr., Berwick, for plaintiffs-appellees.
Allen & Gooch, Frank Flynn, Lafayette, for defendants-appellants.
Edward Gray, Baton Rouge, for defendant-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
David Risk and his wife sued the State, through the Department of Transportation and Development (DOTD), for damages for personal injuries sustained in a single vehicle accident. Risk's worker's compensation carrier intervened to recover medical expenses and benefits paid by it. The district court found the DOTD 85% at fault *1273 and Risk, the driver of the vehicle, 15% at fault, in causing the accident, and awarded Risk $141,500 in general damages, and $245,158 as past and future lost wages and fringe benefits, and awarded his wife $7,500 loss of consortium. Additionally, in a separate consolidated action, which we this date decide by separate judgment, Continental Insurance Company v. State of Louisiana, 549 So.2d 1275 (La.App. 3d Cir.1989), the judge awarded the worker's compensation carrier $36,208.42 as full reimbursement of all medical expenses paid. The DOTD appealed and the plaintiffs answered the appeal seeking an increase in the award. We affirm.
Risk was driving a tractor-trailer combination owned by Francis Drilling Fluids, Ltd., on La. Highway 331 near Erath in Vermilion Parish, on the afternoon of March 16, 1984, when he failed to negotiate a sharp curve, ran off the highway, and flipped the vehicle.
Risk was en route from Intercoastal City to a drilling site. The truck was half full of liquid mud. The weather was sunny and the road was dry. Risk had never traveled on this road before and was unfamiliar with its characteristics.
The portion of La. 331 near the accident consisted of a long straight away and two curves, a slight curve and a sharp curve. Risk approached the first curve and observed a sign placed by the DOTD indicating a slight curve with an advisory speed of 45 m.p.h.. Plaintiff testified that he slowed down to 40 m.p.h. and negotiated the curve with no problem. The second curve was posted with a sign again indicating a slight or gradual curve with an advisory speed of 35 m.p.h.. Risk attempted to negotiate this curve at approximately 35 m.p.h. but once in the curve he realized he was going too fast and tried to slow down but could not, ran off the highway and flipped the vehicle.
Two months before this accident the DOTD had inspected the signing of La. 331 and determined that the sign indicating a slight or gradual curve on the second curve, the one with an advisory speed of 35 m.p.h., was improper. In fact, Lawrence C. Harry, District Traffic Operations Engineer for the DOTD, testified that the 35 m.p.h. advisory speed sign was to be replaced with a 25 m.p.h. advisory speed sign because the 35 m.p.h. advisory speed sign did not meet the DOTD's standards. When this accident happened, the DOTD had not gotten around to changing the sign.
The three issues presented by this appeal concern: (1) the percentages of fault, (2) the amount of damages, and (3) whether the worker's compensation carrier is entitled to a 100% reimbursement.

PERCENTAGE OF FAULT
The DOTD contends that the trial court erred by finding Risk only 15% at fault. It argues that Risk was an experienced truck driver with knowledge of the characteristics of his vehicle. Conversely, Risk contends that the trial judge erred by finding him at fault. He argues that there is no evidence in the record that he committed any act of negligence.
The trial judge in his reasons for finding Risk 15% at fault, considered that Risk was driving a tractor-trailer combination with a load and in his opinion should have been a little more cautious on an unfamiliar road.
The findings of a trier of fact as to percentage of fault under La.C.C. art. 2323 are factual and, in the absence of clear or manifest error, must be upheld on appeal. Watson v. State Farm and Cas. Ins. Co., 469 So.2d 967 (La.1985); Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La. App. 3d Cir.1984). Based on the evidence presented, there is no manifest error in the trial court's apportionment of fault.

QUANTUM
Twenty-eight years old at the time of the accident, and a truck driver by trade, Risk suffered serious multiple injuries including a T-9 compression fracture and two bulging discs to the back; a broken right arm; lacerations, contusions and burns to the left arm; severe lacerations about the eye and surrounding area; severe lacerations on top of the head; and chipped teeth.
Dr. Roland Miller, an orthopedic surgeon in Abbeville, diagnosed Risk with a T-9 *1274 compression fracture which reduced the normal height of his vertebra by 20%. The doctor prescribed a TENS unit, transcutaneous nerve stimulator, for back pain and recommended that he wear a brace at all times except when sleeping. Dr. Miller testified that Risk, in his opinion, would continue to have mechanical problems with his back and assigned a 16% permanent disability to the whole body due to the T-9 compression fracture and the two bulging discs.
Dr. Ricardo Leoni, a neurosurgeon in Lafayette, testified that it was possible that a herniated disc could develop from Risk's condition due to his weight and the fact that the discs were partially damaged from the accident and because of continued wear and tear.
Risk sustained two broken bones in his right arm and in addition suffered from multiple abrasions and lacerations to the right arm. Dr. Miller's examination revealed a fracture of the radius and a smaller fracture of the ulna styloid. He performed an open reduction and internal fixation to the right arm by placing a plate on the radius above and below the fracture. Dr. Miller stated that in his opinion Risk has a lot of functional disability to the right arm and he assigned to it a 10% permanent partial physical impairment.
Risk sustained severe lacerations just below the left eye which required surgery. Dr. Robert J. Young, III, an opthamologist in Abbeville, assisted in the surgery. He testified that the lacerations closest to the nose were not reapproximated because that part of the face was not there. He further testified that this injury resulted in an incomplete eye closure which caused the eye not to receive proper lubrication and made it irritable.
Dr. Ardly Hebert, a general surgeon in Abbeville, testified that the facial injury, scalp injury, and injury to the arm were very painful and Risk was given a heavy dose of Demoral in the emergency room. Additionally, he was given Darvon Compound 65 for pain to which he became addicted.
Dr. R. Philip Marler, an internal medicine specialist in Lafayette, admitted Risk to Cypress Hospital for Darvon dependency. He testified that Risk went through a mild withdrawal that took five days and that the Darvon caused him to become very forgetful and isolated from people.
The trial court awarded $141,500 general damages, itemized as $100,000 for back injuries, $12,500 for injuries to the right arm, $7,500 for injuries to the left arm, $5,000 for injuries to the scalp, $10,000 for injuries to the eye and surrounding area, $5,000 for injuries to teeth, and $5,000 for causing Risk to become drug dependent. An award for loss of consortium was made to Mrs. Risk.
The DOTD contends that the trial judge's award of $141,500 general damages to Risk was excessive. The plaintiffs, in their answer to the appeal, contend that the trial judge's awards for general damages and the $7,500 award for loss of consortium were inadequate.
In his reasons for judgment the trial judge found Risk to be a credible witness, commenting that "nowhere has the court found any evidence or intimation that plaintiff is not sincere in his complaints or that he exaggerates."
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. La.C.C. art. 2324.1. Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Reck v. Stevens, 373 So.2d 498 (La.1979). In determining whether the trier of fact abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977). The converse of this rule is also true. Bonner v. Watkins Motor Lines, Inc., 494 So.2d 1363 (La.App. 2d Cir.1986).
The plaintiff's injuries were extensive, and permanent. After reviewing the entirety of the record, we conclude, in accordance with the standards set forth *1275 above, that the award for general damages, though on the low side, was not an abuse of discretion. The loss of consortium award was neither excessive nor inadequate.
The DOTD contends also that the trial judge erred in awarding lost wages of $245,158. It argues that Risk, although he will never be able to return to work as a truck driver, at one time considered a career in computer programming and that his loss of future earnings should be adjusted in accordance with a computer programmer's salary, rather than an accounting clerk's salary.
It is well established that an injured person has a duty to take reasonable steps to minimize his loss. Philippe v. Browning Arms Company, 395 So.2d 310 (La.1980). The evidence shows that Risk failed at his attempt to become a computer programmer but did attend a Vo-Technical school to educate himself for a career as an accounting clerk.
The trial judge awarded past lost wages of $62,605, future lost wages of $162,955 and lost fringe benefits of $19,598. He based the calculation for loss of future earnings on Risk becoming an accounting clerk instead of a computer programmer. The reasoning of the trial court is supported by the evidence. The award is reasonable.

WHETHER THE WORKER'S COMPENSATION CARRIER IS ENTITLED TO A 100% REIMBURSEMENT
At the time of the accident Risk was working for Francis Drilling Fluids, LTD., and Continental Insurance Company, provided the employer its workmen's compensation coverage. Continental paid medical expenses of $36,208.42 and sued the DOTD for reimbursement. The trial court granted judgment for Continental.
The DOTD contends that it was error to grant a 100% reimbursement of medical expenses without any reduction for plaintiff's fault.
A 1985 amendment to LSA-R.S. 23:1101 of the workmen's compensation law provided that the negligence of the employee is to be considered in determining the amount of reimbursement to which the employer is entitled from the third party tortfeasor. This circuit has held that the amendment was substantive in nature and should not be applied retroactively. Vallere v. Nicor Exploration Co., 512 So.2d 514 (La.App. 3d Cir.1987). LSA-R.S. 23:1101 in effect at the time of the accident herein entitled the worker's compensation carrier to reimbursement for all benefits paid, thus the percentage of fault attributable to the injured employee is not taken into consideration. The trial judge applied the correct law.
For the above and foregoing reasons the trial court's judgment is affirmed.
AFFIRMED.