600 So.2d 63 (1992)
Ernest TAYLOR, et ux
v.
PRODUCTION SERVICES, INC. of MISSISSIPPI, et al.
No. 91-C-2786.
Supreme Court of Louisiana.
May 26, 1992.
*64 John Philip Mauffray, Jr., Jena, for plaintiff-applicant.
James D. Davis, Alexandria, for defendant-respondent.
HALL, Justice.
On plaintiff's application, we granted writs in this case, 592 So.2d 402 (La.1992), to review the court of appeal's allocation of costs and attorney's fees after judgment was rendered in favor of plaintiff, an injured worker, and intervenor, plaintiff's worker's compensation insurer, in a suit against a third-party tortfeasor. For reasons expressed in this opinion, consistent with the controlling case of Moody v. Arabie, 498 So.2d 1081 (La.1986), we amend the judgment to increase the amount of reasonable and necessary attorney's fees apportioned to the intervenor.
On November 13, 1985, plaintiff, Ernest Taylor, was injured in a work-related accident. Following the accident, intervenor, Aetna Casualty and Surety Company, paid weekly worker's compensation benefits and medical expenses.
On June 26, 1986, Taylor and his wife filed suit against Production Services, Inc. of Mississippi and other parties seeking damages for his injuries and her loss of consortium, respectively. Aetna intervened seeking recovery of all compensation benefits and medical expenses previously paid to Taylor or on his behalf, as well as future benefits due Taylor. After trial on the merits, judgment was rendered against the third-party tortfeasor in favor of Taylor *65 in the amount of $227,915.00, in favor of Mrs. Taylor for loss of consortium in the amount of $10,000.00, in favor of Aetna for past compensation benefits paid in the amount of $44,744.00, in favor of Aetna recognizing its claim for reimbursement of future medical expenses in the amount of $2,500.00, and in favor of Aetna recognizing its reimbursement credit for future weekly compensation benefits at the rate of $254.00 per week, limited to the amount of future loss of earnings of $91,432.00, discounted at six (6%) percent.
On September 12, 1987, Production Services, Inc. and its insurer deposited $290,-399.70 into the registry of the court in full satisfaction of the judgment rendered September 3, 1987. On September 21, 1987, the trial court ordered disbursement of the deposited sum with a few days accrued interest, or a total of $290,457.92, which was distributed $44,744.00 to Aetna, and $245,713.92 jointly to the Taylors and their attorney, William Henry Sanders. Sanders in turn disbursed this latter amount as follows: $19,435.03 to Sanders as reimbursement of litigation costs incurred, $75,-384.63 to Sanders representing one-third of the balance as his attorney fee due under his contract with plaintiff which provided for a fee of one-third of the amount of the recovery, and the balance of $150,729.26 to Mr. and Mrs. Taylor.
Prior to disbursement of the funds deposited in the registry of the court, plaintiff filed a motion seeking a court order apportioning the cost of recovery, including attorney's fees, between plaintiff and Aetna. After a contradictory hearing, judgment was rendered in August 1989, ordering Aetna to pay the sum of $6,180.33 (31.8% of the litigation costs) in the proportion of two-thirds to Taylor and one-third to Sanders. Aetna was also ordered to pay Sanders the sum of $2,500.00 as its share of attorney's fees.
Taylor and his attorney both appealed.
The court of appeal amended the trial court judgment. Taylor v. Production Services, 587 So.2d 815 (La.App. 3rd Cir. 1991). The court correctly decided that plaintiff's attorney was not a party to this proceeding and any judgment for the intervenor's share of costs and fees should be in favor of plaintiff. Applying the formula set forth in Moody v. Arabie, the appellate court also correctly determined Aetna's proportionate interest in the recovery to be 41.89%. This percentage figure was arrived at by taking the amount of Aetna's recovery ($44,744.00 for past compensation benefits paid, plus $74,437.37 present value of the future compensation benefits credit,[1] plus $2,500.00 future medical expenses credit, or a total of $121,681.37) and dividing that figure by $290,457.92, the total recovery from the third-party tortfeasor. Applying Aetna's share of recovery, that is, 41.89%, to the total litigation expenses of $19,435.03, the court concluded that Aetna's share of litigation expenses amounts to $8,141.33.
In determining Aetna's share of the attorney's fees, the court noted that a one-third contingency fee contract was entered into between plaintiff and his attorney, which fee the court found to be reasonable under the circumstances. The court began its calculation of Aetna's share of attorney's fees by taking the total recovery of $290,457.92, and subtracting the amount of Aetna's claim in the amount of $121,681.38, to obtain a net judgment amount of $168,-776.54. This figure was then multiplied by the 33.33% stipulated in the contingent fee contract to arrive at "Taylor's attorney fee" of $56,253.22. The court recognized that Sanders had been compensated in the amount of $75,384.63, but nevertheless found that the figure of $56,253.22 is reasonable and should be used to determine *66 Aetna's share of attorney's fees. The court then concluded that Aetna should be credited with the sum of $7,500.00 to reflect Aetna's attorney's contribution in this case. The court subtracted $7,500.00 from $56,253.22 and multiplied the difference by Aetna's percentage of 41.89%, arriving at a figure of $20,422.72 owed by Aetna as its proportionate share of attorney's fees.
Judgment was rendered in favor of plaintiff against Aetna in the amount of $28,-564.05, with legal interest until paid.
Plaintiff's principal complaint is that the court of appeal erred in initially calculating a reasonable attorney's fee based on the interest of plaintiff rather than the interest of the intervenor in the recovery. Plaintiff argues that the simplest and most direct way of determining Aetna's proportionate share of the attorney's fee is to take one-third (which the court found to be a reasonable contingent fee) of the amount of Aetna's recovery, $121,681.37, which results in Aetna's proportionate share of a reasonable attorney's fee being $40,560.46. Stated otherwise, and strictly following the Moody v. Arabie formula with the same result, the one-third fee should be applied against the total recovery of $290,457.92, resulting in a total fee of $96,819.31, which should then be multiplied by Aetna's proportionate share of 41.89%, resulting in Aetna's share of the attorney's fees being $40,557.61 based on the rounded-off percentage figure.
Intervenor, on the other hand, argues that Moody v. Arabie should be reconsidered and overruled, that each party should pay its own attorney's fees, or, alternatively, that the intervenor's share of the attorney's fees should be calculated on the basis of the judgment for past compensation benefits without consideration of the value of the future benefit payments credit.
In resolving this controversy, we first of all decline to revisit Moody v. Arabie. The decision in that case was well thought out, carefully crafted, and had been established law for several years at the time this action against a third-party tortfeasor was prosecuted and decided. In Moody, this court held that the plaintiff and the intervenor compensation insurer were co-owners of the right to recover damages from the third party, and that the co-owners were obligated to bear their proportion of the reasonable and necessary litigation expenses, including attorney's fees, according to their interests in the recovery. The intervenor's proportionate share is determined by the ratio that the intervenor's recovery, including the present value of the credit for future compensation payments, bears to the total recovery from the tortfeasor. The intervenor's share of the recovery costs is deducted from the intervenor's share of recovery to arrive at the net amount to be reimbursed to the intervenor from the judgment proceeds, with the balance to be paid to the plaintiff.
In determining and fixing the attorney's fees as a part of the reasonable and necessary costs of recovery, the court must adhere to the Code of Professional Responsibility, and may consider but is not bound by the attorney-client contract. To qualify as a reasonable and necessary cost of recovery, the fee must relate to necessary services which actually benefited or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring of proceedings.
The court of appeal correctly determined Aetna's proportionate interest in the recovery as 41.89%, precisely in accordance with the Moody v. Arabie formula.[2] The court erred, however, in determining the reasonable and necessary attorney's fee against which this percentage should be applied by basing its determination on one-third *67 of the plaintiff's net recovery rather than the total recovery.
Implicit in the Moody v. Arabie holding is the concept that the intervenor who reaps the benefits of the plaintiff's attorney's efforts, should bear its proportionate part of a reasonable attorney's fee for those efforts. Also implicit in the decision is the concept that it is the court which should determine and fix a reasonable attorney's fee on which the apportionment between the parties should be calculated. In determining a reasonable attorney's fee, the court is not bound by or limited to the contingent fee contract entered into between the attorney and the plaintiff or the precise amount actually charged by the attorney to his plaintiff client. Most tort cases are handled on a contingent fee of a percentage of the total recovery for the plaintiff's damages. The contract between plaintiff and his attorney in this case provided for a fee of one-third of the recovery, without explanation of whether the percentage should be applied to total recovery or plaintiff's net recovery. As between the plaintiff and his attorney, it may well be that plaintiff's obligation is limited to one-third of the amount actually recovered by him. But under Moody v. Arabie, the obligation of the intervenor is to contribute its proportionate share of a fee reasonably and necessarily earned by the plaintiff's attorney in prosecuting the suit against the third-party tortfeasor. Allowance of a reasonable fee based on total recovery, to be shared by the parties in proportion to their interest in the recovery, provides an incentive to the plaintiff's attorney to vigorously pursue the third-party claim for the benefit of both parties concerned. Limiting the amount of attorney's fees on which the intervenor's proportionate share is based to a percentage of the net amount recovered by plaintiff distorts the intervenor's obligation and might preclude representation where the plaintiff's claim is marginal in value or in chances of recovery, but where plaintiff and his attorney are expected to and do in fact take the lead and the risks in prosecuting the claim.
In this case, the claim against the third party was vigorously contested and went to trial. The claim was apparently pursued with a high degree of success. Both plaintiff and intervenor agreed to contingent fees of one-third with their respective attorneys. One-third of the total recovery is a reasonable fee in this case. Intervenor should bear its proportionate 41.89% of this reasonable fee.
Plaintiff argues that the court of appeal erred in granting intervenor a $7,500.00 credit for the contribution made by its attorney. To qualify as a reasonable and necessary cost of recovery, the fee must relate to necessary services which actually benefited or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring of proceedings. Moody, at 1086-7. As previously noted, Aetna agreed to pay and paid its attorney a one-third contingent fee based on its cash recovery of $44,774.00, which fee amounted to $14,924.67. Aetna's attorney did not participate in the trial, taking depositions, or preparation for trial to any great extent. However, it was necessary for Aetna's attorney to prepare several pleadings in order to assert Aetna's claim, and the attorney testified that he spent approximately 50 hours working on this case. The court of appeal determined that the reasonable value of these necessary services which contributed toward recovery from the tortfeasor was $7,500.00. We find no error in this regard.
In some cases, it would be appropriate in following the Moody v. Arabie formula to add the total attorney's fees incurred by plaintiff and intervenor and then apply the intervenor's percentage in order to determine the intervenor's share of the total attorney's fees. In this case, however, we believe that the total reasonable attorney's fees should not exceed one-third of the total recovery. Still, Aetna should receive credit for the $7,500.00 as that part of the attorney's fee paid by it which is determined to have been reasonable and necessary to the prosecution of the suit.
Thus, Aetna's share of a reasonable attorney's fee is calculated as follows: The *68 total amount of recovery was $290,457.92. One-third of that amount is $96,819.31. Aetna's 41.89% of the fee is $40,557.61. Subtracting $7,500.00 leaves $33,057.61, which is the amount due by Aetna. To this must be added the $8,141.33 due by Aetna for costs, making Aetna's total liability $41,198.94.
The parties agree that legal interest on the amount of the judgment should run from the date the demand for apportionment of recovery costs was made, September 14, 1987.
The judgment of the court of appeal in favor of the plaintiff and against intervenor is amended to increase the amount thereof from $28,564.05 to $41,198.94, with legal interest thereon from September 14, 1987, until paid. As amended, the judgment is otherwise affirmed.
AMENDED, AND, AS AMENDED, AFFIRMED.
DENNIS, J., concurs in part and dissents in part for reasons assigned.
DENNIS, Justice, concurring in part and dissenting in part.
I concur in the majority's opinion except as to the credit to Aetna for the $7500 for fees for Aetna's attorney's contribution. In Moody we said, "To qualify as a reasonable and necessary cost of recovery, however, the fee must relate to necessary services which actually benefitted or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring of proceedings." Moody, 498 So.2d at 1086-87. Here, Aetna's attorney's actions did not actually benefit or augment recovery from the defendant because they were designed to benefit Aetna only. Therefore, I respectfully dissent from the portion of the majority opinion that awards Aetna recovery of its own attorneys' fees from the amount recovered in the tort suit.
NOTES
[1] Moody v. Arabie squarely held the employer's share of the costs of recovery should be calculated on the present value of the employer's total probable future compensation liability rather than being limited to past benefits actually paid. LSA-R.S. 23:1103(C), added by Act 454 of 1989, effective January 1, 1990, now regulates the apportionment of legal fees and costs between the employer and employee in a suit against a third party. The employer as intervenor is no longer responsible for attorney fees attributable to the credit for future compensation payments. The 1989 amendment is not applicable to this case in which judgment was rendered prior to the effective date of the statute.
[2] Plaintiff complains that the court of appeal erred in rounding off the years of projected future compensation payments from 6.92 years to 7 years in calculating the present value of the credit. We find the court of appeal's method of calculation reasonable and any difference is de minimis. Neither party questions the inclusion of Mrs. Taylor's award for loss of consortium in the total recovery amount used in the formula and, accordingly, we give no consideration to this possible issue which has been considered, with varying results, in other states. See Larson, The Law of Worker's Compensation, § 74.36.