GRISBAUM, Judge.
This opinion arises out of a matter which was remanded to us from the Louisiana Supreme Court for the sole purpose of addressing the assignments of error raised by the Celotex Corporation (Celotex), the worker’s compensation intervenor 601 S.2d 1349. We amend in part and affirm in part.
PACTS
Plaintiff, Godfrey Cosse, was injured during the course and scope of his employment at Celotex’s Marrero facility on June 7, 1984, while cleaning a scrap conveyor. Cosse sued several parties, including the manufacturer and designer of the convey- or. Celotex, as worker’s compensation insurer, intervened in the suit for reimbursement. The trial court found Cosse five percent at fault and assessed the remaining fault against the defendants. This Court reversed. See Cosse v. Allen-Bradley Co., 590 So.2d 108 (La.App. 5th Cir.1991). The Louisiana Supreme Court granted writs. Upon hearing the case, the Supreme Court reinstated the trial court’s judgment and remanded it to us for the sole purpose of addressing the assignments of error made by Celotex.
ISSUES
We are called upon to address four specific questions:
(1) Whether the trial court erred when it reduced Celotex’s recovery by the percentage of Cosse’s fault;
(2) Whether the trial court erred when it awarded Celotex reimbursement for only those benefits paid prior to trial, and should have also awarded Celotex reimbursement for the amounts it paid subsequent to trial through the finality of judgment;
(3) Whether the trial court erred when it awarded Celotex legal interest on its claim from the date of each payment and not from the date of its intervention; and
(4) Whether the trial court erred in casting Celotex with 52 percent of plaintiff’s attorney’s fees and should have limited Cel-otex to paying only one-third of its recovery and attorney’s fees, as per the 1989 amendment to La.R.S. 23:1103.
ANALYSIS — ISSUE ONE
Celotex contends that the 1985 amendment to La.R.S. 23:1101 is substantive in nature and thus should not be applied retroactively to reduce the amount Celotex will receive in reimbursement by the percentage of Cosse’s fault. Prior to 1985, La.R.S. 23:1101 read:
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to *288 as third person) other than those persons against whom the said employee’s rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.
After the 1985 amendment, La.R.S. 23:1101 read, in pertinent part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
Before this amendment, intervening worker’s compensation carriers were entitled to be reimbursed 100 percent of the benefits paid to the injured employee, regardless of the percentage of fault attributed to the employee. The 1985 amendment caused the employer’s reimbursement to be reduced by the percentage of the injured employee’s fault.
Our brothers of the First Circuit have held that the amendment may be applied retroactively to reduce the employer's reimbursement for accidents occurring before the amendment’s effective date (September 6,1985). South Cent. Bell v. Am. Holding Cory., 548 So.2d 339 (La.App. 1st Cir.1989). Their rationale is that “ ‘when comparative negligence affected the claimant’s tort recovery it also affected the reimbursement, since the reimbursement was limited to the amount of the judgment in the claimant’s favor.’ ” Id. at 343 (citing W. Malone and H. Johnson, 14 Louisiana Civil Law Treatise, Workers’ Compensation Law and Practice § 371, pp. 76-77 n. 39.5 (1988 pocket part)).
However, the Second, Third, and Fourth Circuits have reached the opposite conclusion, reasoning that the employer’s right to reimbursement vested at the time of the accident and a retroactive application of the amendment to La.R.S. 23:1101 would deprive the employer of that vested right. See Risk v. State of La., 549 So.2d 1272 (La.App. 3d Cir.1989) and Williams v. Am. Crescent Elevator Co., 518 So.2d 1091 (La.App. 4th Cir.1987), writs denied, 521 So.2d 1189, 521 So.2d 1190 (La.1988).
Our Circuit has not directly faced this issue; however, Judge Kliebert, as organ of our Court in Behmke v. K-Mart Cory., 581 So.2d 291 (La.App. 5th Cir.1991), discussed the application of a different worker’s compensation statute that had been amended subsequent to the employee’s accident. There, the court declined to apply La.R.S. 23:1221 as amended, succinctly stating, “The statute applicable to a particular injured worker is the one in effect on the date of the injury.” Id. at 295 (citing Houston v. Kaiser Aluminum and Chemical, 531 So.2d 1129 (La.App. 4th Cir.1988)).
Accordingly, we think it appropriate and reasonable that Judge Kliebert’s rationale should be extended; ergo, we necessarily conclude that a retroactive application of the amendment to La.R.S. 23:1101 would deprive the employer of its vested right. Therefore, the appropriate statute applica- *289 Me to an injured worker is the one in effect on the date of the injury. Accordingly, the trial court erred in reducing Celotex’s recovery by the plaintiffs percentage of fault.
ANALYSIS — ISSUE TWO
We note that in 1989, La.R.S. 23:1103 was amended to add the second sentence of paragraph A.(l), and added paragraphs B. and C. The entire statute reads as follows:
A.(l) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer’s credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
(2) No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
C.If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor’s recovery for pre-judgment payments or pre-judgment damages. The employee as intervenor shall not be responsible for the employer’s attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Paragraph A of this Section.
We find it is evidently clear from the jurisprudence that an employer is entitled to reimbursement for the benefits it has paid subsequent to the trial and through the appeal, pending final judgment. Hall v. Hartford Accident & Indent. Co., 278 So.2d 795 (La.App. 4th Cir.1973), writ refused, 281 So.2d 753 (La.1973); Lachney v. Motor Parts & Bearing Supply, 357 So.2d 1277 (La.App. 3d Cir.1978).
ANALYSIS — ISSUE THREE
Here, Celotex asserts that it should have received the legal interest from the date of its intervention, not from the date of each payment, as the trial court held. We see that under La.R.S. 23:1101, the intervenor “is entitled to legal interest from the date of judicial demand and to legal interest on the amount of each payment made after judicial demand, commencing from the date each payment until the final judgment is paid.” Herrington v. Mayo, 550 So.2d 745, 748 (La.App. 2d Cir.1989). See also Harris v. Ballansaw, 576 So.2d 602 (La.App. 4th Cir.1991).
Importantly, we find that the trial court’s judgment is ambiguous regarding the award of legal interest, and Celotex “seems” to assert on appeal that it is entitled to legal interest on every payment made, calculated from the date of interven *290 tion; in other words, on a payment after its intervention, again it appears that Celotex asserts it should receive legal interest thereon calculated from the date of intervention. This rationale leads to the result of interest running on an amount not yet paid; for example, on a payment made to Cosse in 1990, interest would run on that payment as of September 20, 1985, the date of Celotex’s intervention. Clearly, we think, the legislature could not have intended this result. From our view of the applicable jurisprudence, we contemplate dividing all benefits paid into two categories: on those payments made before intervention, legal interest runs as of the date of the intervention, and on all payments made subsequent to the intervention, legal interest runs as of the date of each payment. See Hams, supra and Herrington, supra. Ergo, the trial court’s judgment is hereby amended (in its calculations) to clarify this finding.
ANALYSIS — ISSUE FOUR
Here, we see the trial court held Celotex liable for 52 percent of Cosse’s attorney’s fees. It asserts that the trial court should have calculated the liability for attorney’s fees in accordance with La. R.S. 23:1103, as amended, which limits the intervenor’s liability for the employee’s attorney’s fees to one-third of the interve-nor’s recovery for pre-judgment payments or pre-judgment damages (see La.R.S. 23:1103(C) as reproduced above). Importantly, prior to the amendment effective January 1, 1990 (Acts 1989, No. 454), La.R.S. 23:1103 contained no provision for the apportionment for attorney's fees between the employee and his employer-intervenor. The Louisiana Supreme Court, in Moody v. Arabie, 498 So.2d 1081 (La.1986), provided a formula to be used in calculating the percentage of fees for which an intervenor should be liable. The court reasoned that the employee and the intervenor were co-owners of the award, and attorney’s fees should be apportioned between them according to the respective interest in the recovery. We likewise see that Celotex cogently points out that the legislature in 1989 amended La.R.S. 23:1103 and such amendment, they suggest, is remedial in nature to clear up the confusion that existed prior to the amendment and, therefore, should be retroactive.
In the recent case of Taylor v. Production Serv., Inc., 600 So.2d 63 (La.1992), the Louisiana Supreme Court discussed the application of La.R.S. 23:1103 as amended. While not addressing the issue of retroac-tivity, the court suggests that the amended statute applies to all cases where judgment was rendered after the amendment’s effective date (January 1, 1990) (see footnote 1, Id. at 65). In the instant case, the trial court rendered judgment on September 5, 1990. Therefore, we hold that Celo-tex is limited to liability for attorney’s fees of one-third of its recovery.
For the reasons assigned, the trial court’s judgment dated September 5, 1990 is hereby amended to reflect the findings which are extrapolated in detail in extenso in the analysis of each issue presented in this opinion. In all other respects, the trial court’s judgment regarding these remanded issues is affirmed.
AMENDED IN PART AND AFFIRMED IN PART.