625 So.2d 486 (1993)
Godfrey COSSE
v.
ALLEN-BRADLEY COMPANY et al.
No. 93-C-0301.
Supreme Court of Louisiana.
October 18, 1993.
Rehearing Granted December 10, 1993.
On Motion to Dismiss February 4, 1994.
Christopher J. Bruno, Joseph M. Bruno, Bruno & Bruno, New Orleans, for applicant.
Thomas J. Wyllie, Richard B. Eason, Adams & Reese, John J. Weigel, Madeleine Fischer, Gavin P. Mahlie, John M. Holahan, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, John A. Bivins, Roy, Carmouche, Bivins, Judice, Henke & Breaud, Lafayette, Daniel Lund, Alan H. Katz, New Orleans, Windhurst, Gaudry, Ranson, Higgins & Gremillion, Daniel A. Ranson, Steven D. Oliver, Harvey, for respondent.
*487 MARCUS, Justice.[*]
Godfrey Cosse was injured on June 7, 1984 while in the course and scope of his employment with Celotex Corporation (Celotex), when his leg was caught in a scrap conveyor at Celotex's Marrero plant. Cosse filed suit for damages, naming as defendants Link-Belt Corp. (Link-Belt) (the conveyor's manufacturer) and Rust Engineering Co. (Rust) (the designer of the conveyor). Celotex, a self-insurer worker's compensation carrier, intervened into the suit for reimbursement of worker's compensation benefits and/or medical expenses paid or to be paid in the future. After a jury trial, the jury returned a verdict in favor of Cosse and awarded him $444,612 in damages. The jury allocated fault as follows: 5% to Cosse, 15% to Celotex and its employees, 50% to Rust and 30% to Link-Belt. The trial judge entered judgment finding Rust and Link-Belt liable jointly, severally and in solido for $422,343.40[1] together with legal interest from the date of judicial demand and costs. Celotex, as intervenor, was awarded $96,474.40[2] plus legal interest from the date of each payment and in preference to sums due Cosse. In addition, Celotex received a credit for future compensation benefits or medical expenses in the amount of $127,614, subject to a reduction for Cosse's 5% fault. The judge ordered Celotex to deduct from its intervention award 52% of Cosse's attorney fees and costs.
Celotex, Link-Belt and Rust appealed. The court of appeal reversed the judgment of the trial court and rendered judgment in favor of Link-Belt and Rust and against Cosse. 590 So.2d 108 (La.App. 5th Cir.1991). On the applications of Cosse and Celotex, we granted certiorari and rendered an opinion reversing the judgment of the court of appeal, reinstating the apportionment of fault as found by the jury and remanding the case to the court of appeal to consider issues raised by Celotex that had not been reached by the court of appeal or this court. 601 So.2d 1349 (La.1992). On remand, the court of appeal reversed the trial court on several issues, finding the trial court erred in reducing Celotex's reimbursement recovery by Cosse's 5% fault and erred in casting Celotex with 52% of Cosse's recovery costs. 612 So.2d 286.[3] Upon Cosse's application, we granted certiorari to review the correctness of that decision.[4]
The issues presented for our consideration are (1) whether Celotex's reimbursement recovery should be reduced by the percentage of Cosse's fault, and (2) what percentage of Cosse's recovery costs Celotex should be held liable to pay.

Celotex's Reimbursement Recovery
At the time of Cosse's 1984 accident, La. R.S. 23:1101 provided in pertinent part:
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents. [emphasis added].
In 1985, La.R.S. 23:1101 was amended to read, in pertinent part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee *488 or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
The courts of appeal have split on the issue of whether the 1985 amendment to La.R.S. 23:1101 should be applied to accidents arising before its effective date. Some courts have taken the view that the amendment is substantive in nature and may not be applied retroactively.[5] The court of appeal in the present case adopted that view. By contrast, other courts have concluded that the 1985 amendment did not change the law, reasoning that when comparative negligence was adopted, the doctrine was equally applicable to the worker's compensation recovery under La.R.S. 23:1101.[6] Cosse urges us to adopt this view and hold that the 1985 amendment is not a substantive change, but merely restates a pre-existing rule that the compensation carrier can only recover to the extent the injured employee can recover.
This court has not addressed the effect of comparative fault on the right of reimbursement granted to the compensation carrier. However, an analogous situation was presented under the system of contributory negligence in Vidrine v. Michigan Millers Mut. Ins. Co., 263 La. 300, 268 So.2d 233 (1972) (on rehearing). In Vidrine, the precise issue before the court was whether an employer to whom fault was attributed was prevented from recovering against the third-party joint tortfeasor the compensation payments made by the employer to its non-negligent employee. On original hearing, the court struggled with the question of whether the general tort law of contributory negligence served to modify the statutory right granted under La.R.S. 23:1101, ultimately concluding that the employer's negligence could bar his right to recovery of reimbursement. Justice Barham dissented, reasoning that the statutory right was absolute:
Nothing contained in these statutes qualifies the employer's right to obtain indemnification. Unless that statutory right is abridged by other statute or is against public policy, it is absolute. The right is not dependent on absence of negligence. Id. at 239.
On rehearing, the majority adopted the position of the dissent, holding "the right is an absolute one and is not limited by the statute." Id. at 246. The court further noted that while its original holding may have been based on considerations of equity, any change in the law was a matter for the legislature:
As we read the original majority opinion, that holding is not based on the language of the statute or on our jurisprudence, but instead, on concepts of equity and/or socio-economic reasons. If the views expressed are valid, a change in the law is essential so as to have it comport therewith. But this is not a matter for the Court; it addresses itself solely to the legislative department of our government. Id.

Applying the reasoning of Vidrine to the present case, we find the language of La.R.S. 23:1101 in effect at the time of Cosse's accident is clear and unambiguous. It provides that the party paying compensation may bring suit against a third party tortfeasor "to recover any amount which he has paid or become obligated to pay as compensation." (emphasis added). The language of the statute does not qualify the compensation carrier's right to reimbursement, nor does application *489 of comparative fault principles serve to modify the absolute right granted by this statute.[7] The court of appeal decisions reaching a contrary conclusion have attempted to achieve a measure of equity in favor of the employee.[8] However, as we stated in Vidrine, such considerations are the concern of the legislature, not the courts. In the present case, the legislature acted in 1985 to remedy any inequity.
Having concluded that the 1985 amendment to La.R.S. 23:1101 is a substantive change in the law, it is clear that it may not be retroactively applied to this 1984 accident.[9] La.Civ.Code art. 6. Accordingly, we find the court of appeal correctly reversed the judgment of the trial court reducing Celotex's recovery by Cosse's 5% fault.

Apportionment of Recovery Costs
The next issue raised by Cosse is whether the court of appeal erred in giving retroactive effect to the 1989 amendment to La.R.S. 23:1103, thereby limiting Celotex's liability for Cosse's recovery costs to one-third of Celotex's recovery for pre-judgment payments or pre-judgment damages, rather than following, as the trial judge did, the formula set forth in Moody v. Arabie, 498 So.2d 1081 (La.1986), for calculating the percentage of recovery costs for which an intervening employer should be liable.
Prior to 1989, the worker's compensation law was silent as to the allocation of recovery costs, including attorney fees. In 1986, this court in Moody set out a formula to establish the employer's proportionate interest in the recovery, which would determine the percentage of its liability for the recovery costs. Under that formula, the employer's share of the recovery was determined by dividing the employer's reimbursement by the recovery from the third person. The trial judge applied that formula in the present case, determining that Celotex was liable for 52% of the recovery costs.[10]
In 1989, La.R.S. 23:1103 was amended (effective January 1, 1990) to add paragraph C, which provides in pertinent part:
C. If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages.
In finding the 1989 amendment applicable to this case, the court of appeal relied on *490 footnote one in Taylor v. Production Services, Inc., 600 So.2d 63, 65 (La.1992), in which we stated "[t]he 1989 amendment is not applicable to this case in which judgment was rendered prior to the effective date of the statute." The court of appeal interpreted this language to mean the relevant event for purposes of vesting of rights was the date of judgment, rather than the date of the accident. We find this reasoning to be in error. A review of the facts of Taylor show that both the accident (November 13, 1985) and the rendition of the judgment (September 3, 1987) occurred prior to the effective date of the 1989 amendment. Thus, while our use of "judgment" was perhaps an unfortunate choice of words, the result of the case was that the 1989 amendment would not be applied to a 1985 accident.
This conclusion is further reinforced by reference to a case rendered shortly after Taylor, St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992). In St. Paul, we held that subsection B of La.R.S. 23:1103 did not apply retroactively.[11] The facts of St. Paul show that the accident occurred on May 19, 1988, whereas the judgment was rendered on January 16, 1990, after the 1989 amendment's effective date of January 1, 1990. Our opinion clearly looked to the date of plaintiff's injury rather than the date of judgment, stating "[i]n this case, the relevant event (plaintiff's injury) occurred before the January 1, 1990, effective date" of the 1989 amendment.
Application of the 1989 amendment in this case would adversely affect Cosse, since it would reduce Celotex's proportion of liability for Cosse's recovery costs from 52% to a maximum of one-third of Celotex's recovery for pre-judgment payments or pre-judgment damages. Therefore, we find the court of appeal erred in giving retroactive effect to the 1989 amendment to La.R.S. 23:1101(C).
Nonetheless, Celotex argues that application of the Moody formula results in an inequity to the intervening employer.[12] Celotex contends that the Moody formula (calculating the employer's share of recovery based on the employee's total recovery from the third party tortfeasor) conflicts with our opinions in Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980), and Brooks v. Chicola, 514 So.2d 7 (La.1987), which limit the intervening employer's recovery to that portion of the judgment for medical expenses and lost wages and prevent reimbursement from the portion of damages awarded for pain and suffering. In essence, Celotex argues that it is unfair to make it pay a proportion of recovery costs for the entire judgment, when it may only receive reimbursement from the portion of judgment awarding medical expenses and lost wages.
While Celotex's argument may point out a theoretical inequity in the law, we are unable to find any actual prejudice to Celotex. The jury awarded Cosse $220,000 for past and future lost wages, $37,072 for past and future medical expenses and $187,500 in general damages. The trial judge calculated the value of Celotex's interest in Cosse's recovery as $229,166,[13] consisting of $101,552 for past worker's compensation benefits and medical payments, and $127,614 as credit for future compensation payments. Since the value of Celotex's interest in Cosse's recovery is less than the jury's award to Cosse for lost wages and medical expenses, application of Fontenot and Brooks does not serve to diminish Celotex's recovery. Moreover, the apportionment by the trial judge of 52% of the liability to Celotex for Cosse's recovery costs appears fair, as Celotex's interest in the recovery represents roughly half of Cosse's award.[14] Finally, we note that any problems *491 in this regard will not occur in post-1990 cases, since Moody, Fontenot and Brooks have been supplanted by the amendments to La.R.S. 23:1103(B) & (C). Accordingly, we find the trial judge correctly relied on the Moody formula in calculating recovery costs. However, we find the actual numbers arrived at by the trial judge are incorrect, since he erroneously reduced Celotex's reimbursement by Cosse's 5% fault. Additionally, the figures used by the trial judge may no longer be current, since interest has been running while the case was on appeal and in this court. For these reasons, we believe the case must be remanded to the trial court for a new calculation of the percentage of recovery costs for which Celotex is liable.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed insofar as it finds Celotex's reimbursement should not be reduced by Cosse's 5% fault. The judgment of the court of appeal is reversed insofar as it gives retroactive effect to the 1989 amendment to La.R.S. 23:1103 and limits Celotex's liability for Cosse's attorney fees to one-third of Celotex's recovery for pre-judgment payments or pre-judgment damages. The case is remanded to the district court to calculate Celotex's proportion of liability for Cosse's recovery costs based on the formula set forth in Moody v. Arabie, 498 So.2d 1081 (La. 1986), utilizing the most current figures and without reduction for Cosse's fault.
CALOGERO, C.J., concurs and assigns reasons.
DENNIS, J., concurs in part and dissents in part with reasons.
CALOGERO, Chief Justice (concurring).
I agree with the majority opinion that the court of appeal erred in giving retroactive effect to the 1989 amendment to La.Rev.Stat. Ann. § 23:1101(C) (West Sup.1993), thereby limiting Celotex's liability for Cosse's recovery costs.
Regarding Celotex's recovery from the third party tortfeasor for reimbursement for compensation benefits, I concur because the majority opinion properly interpreted and did apply Vidrine v. Michigan Millers Mut. Ins. Co., 263 La. 300, 268 So.2d 233 (1972), in this circumstance. If an employer can recover notwithstanding contributory negligence, it seems an employer should not be affected by the principles of comparative negligence. I cannot disagree with this application of Vidrine and, therefore, I concur.
However, were there a majority of this Court willing to overrule Vidrine, I would be inclined to dissent. I believe that the dissenters in Vidrine were correct. As Justice Tate recognized, "[t]his is a tort suit." Since the liability of the defendant depends upon fault, the principles of Louisiana tort law, including comparative negligence, should be applicable.
I do not agree with the majority in Vidrine or in this case who relied on statutory interpretation that the employer's right to indemnification is an absolute one, irrespective of fault. Furthermore, were the position I espouse to prevail, it would be unnecessary to determine whether the 1985 amendment to La.Rev.Stat.Ann. § 23:1101(B) (West Sup. 1993) was prospective only. Since comparative negligence requires that the employer's claim for reimbursement be proportionately reduced, it would not be necessary to rely on retrospective application of the statute, nor consequently to address that issue.
Accordingly, I respectively concur.

ON MOTION TO DISMISS

Feb. 4, 1994.
PER CURIAM.
An opinion was rendered in this case on October 18, 1993, following which plaintiff filed an application for rehearing, in which he took issue with only that part of the opinion which did not reduce the employer's reimbursement recovery by the percentage of the employee's fault.[1] On December 10, 1993, this Court granted the application for rehearing, without having been notified that a settlement had been consummated or that one was forthcoming. Attorneys for the respective parties have filed a joint motion to "dismiss *492 the application" for rehearing, advising that the case has been compromised and settled. Since rehearing has already been granted, it is not possible to dismiss the application, as requested. We construe the pleading, nonetheless, as an application to have the case (which is on this Court's docket awaiting scheduling for oral argument) dismissed with prejudice, because it has been compromised and settled. So construed, the motion to dismiss the case is granted, with prejudice, costs to be borne by the respective parties. The opinion on original hearing, dated October 18, 1993, was recalled by the grant of rehearing only insofar as it held that an employer's right to indemnification is not reduced by the employee's percentage of fault.
HALL, J., not on panel.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice, concurs in the granting of the motion to dismiss, but dissents from the per curiam opinion insofar as it sets aside part of the opinion on original hearing. A judgment of this court is not a final judgment until after the case is disposed of on rehearing, if a rehearing is granted. La.Code Civ.P. art. 2167; see also Consolidated Loans, Inc. v. Guercio, 356 So.2d 441 (La. App. 1st Cir.1977). Therefore, when this court granted the joint motion to dismiss the case (in effect disposing of the case on rehearing), the original judgment becomes final.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Hall, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] The original jury award to Cosse was reduced by his 5% fault. Apparently, there was a miscalculation of the award because a 5% reduction of $444,612 equals $422,381.40, not $422,343.40 as determined by the trial judge.
[2] This amount was based on past worker's compensation benefits and medical payments in the amount of $101,552, reduced by Cosse's 5% fault.
[3] 612 So.2d 286 (La.App. 5th Cir.1992). The court of appeal also addressed the issues of whether the trial court erred when it awarded Celotex reimbursement for only those benefits paid prior to trial, and whether the trial court erred when it awarded Celotex legal interest on its claim from the date of each payment and not from the date of its intervention. Those issues have not been raised in Cosse's application to this court and therefore are not before us.
[4] 616 So.2d 689 (La.1993).
[5] Herrington v. Mayo, 550 So.2d 745 (La.App. 2d Cir. 1989); Risk v. State, 549 So.2d 1272 (La.App. 3d Cir. 1989); Williams v. American Crescent Elevator Co., 518 So.2d 1091 (La.App. 4th Cir. 1987), writ denied, 521 So.2d 1189 (La. 1988); Vallere v. Nicor Exploration Co., 512 So.2d 514 (La.App. 3d Cir. 1987); Gadman v. State, Through Department of Transportation and Development, 493 So.2d 661 (La.App. 2d Cir. 1986).
[6] Hale v. Aetna Life and Cas. Ins. Co., 580 So.2d 1053 (La.App. 3d Cir.), writ denied, 585 So.2d 571 (La.1991); Succession of Theriot v. Southern Pacific Trans. Co., 560 So.2d 861 (La.App. 3d Cir.), writ denied, 565 So.2d 453 (La.1990); South Central Bell v. American Holdings Corp., 548 So.2d 339 (La.App. 1st Cir.1989); Thomas v. Hartford Ins. Co., 540 So.2d 1068 (La.App. 1st Cir.), writ denied, 542 So.2d 516 (La.1989); Robertson v. Popeye's Famous Fried Chicken, Inc., 524 So.2d 97 (La.App. 4th Cir.), writ denied, 526 So.2d 802 (La.1988); Scott v. Barclay's American Leasing Service, Inc., 506 So.2d 823 (La.App. 1st Cir.1987), writ denied, 508 So.2d 88 (La.1988); Chatelain v. Project Square 221, 505 So.2d 177 (La.App. 4th Cir.), writ denied, 508 So.2d 74 (La.1987); Trosclair v. Terrebonne Parish School Board, 489 So.2d 1293 (La.App. 1st Cir.) (en banc), writ denied, 493 So.2d 644 (La.1986).
[7] In certain instances under the pre-1985 statute, comparative fault principles may indirectly affect the compensation carrier's right to reimbursement by reducing the employee's recovery. For example, if the compensation carrier has made compensation payments of $10,000 and the employee receives a judgment of $10,000, less his 5% fault, the maximum amount of recovery the compensation carrier may receive is $9,500. In this example, the results would be identical under both the pre-1985 and post-1985 statutes. On the other hand, if the compensation carrier makes compensation payments in the amount of $10,000 and the employee receives a $20,000 judgment less his 5% fault ($19,500), the compensation carrier would receive his entire $10,000 in reimbursement under the pre-1985 statute, but would only receive $9,500 in reimbursement under the post-1985 statute.
[8] A similar conclusion is reached by Malone & Johnson in Louisiana Civil Law TreatiseWorker's Compensation, Second Edition, § 371, n. 39.5 (1993 Pocket Part): "[w]hile these decisions seem to achieve an element of fairness, a literal reading of the Act is probably to the contrary."
[9] In finding the 1985 amendment substantive, we reject Cosse's argument that the amendment is merely interpretive of the law in existence at the time of the 1984 accident. Interpretive legislation "re-establishes or clarifies what was supposed to be the true meaning of the interpreted law." Symeonnides, Property, 46 La.L.Rev. 655, 691 (1986). As we noted the language of the pre-amendment form of La.R.S. 23:1101 was clear and unambiguous. It follows, therefore, that there was nothing for the legislature to "clarify." Further, since the version of La.R.S. 23:1101 in effect at the time of the accident (enacted in 1976) pre-dates the adoption of comparative fault (enacted in 1979), it does not make sense to say the legislature was attempting to "re-establish" that the "true meaning" of La.R.S. 23:1101, as originally enacted, embodied comparative fault. Rather, the logical conclusion is that the legislature in 1985 intended to make a substantive change not previously in the law that would reduce the employer's right to reimbursement by the employee's percentage of fault.
[10] The trial judge took the total value of Celotex's interest in Cosse's recovery ($229,166), and reduced that amount by 5% ($217,707.70). He then divided Celotex's interest in the recovery by the total amount of the recovery ($217,707.70 ÷ $422,343.40 = 52%). As stated in footnote one, supra, the $422,343.40 figure used by the trial judge was incorrect.
[11] In a footnote in St. Paul, we stated that the 1989 amendment to La.R.S. 23:1101(C) "has been held to have prospective effect only." We further noted that "one commentator has suggested that a retroactive application of this amendment would be unconstitutional as it would divest vested rights." 609 So.2d at 813, n. 8.
[12] We note that Celotex did not apply to this court for writs. However, under La.Code Civ.P. art. 2133(B) "[a] party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs."
[13] The actual figure used by the trial judge was $217,707.70, since as noted earlier, he reduced Celotex's recovery by Cosse's 5% fault.
[14] Of course, this proportion could change over time, since interest is running from date of judicial demand for Cosse, whereas it is only running from date of payment for Celotex. However, any inequity in this regard results from the law on interest, not from the Moody formula.
[1] Applicant did not take issue with the part of the opinion that was favorable to him, having to do with the percentage of his recovery costs, attorneys fees, etc., that the employer, Celotex, should be held liable to pay, upon application of the Moody formula. See Moody v. Arabie, 498 So.2d 1081 (La.1986).