PER CURIAM.
An opinion was rendered in this case on October 18, 1993, 625 So.2d 486, following which plaintiff filed an application for rehearing, in which he took issue with only that part of the opinion which did not reduce the employer’s reimbursement recovery by the percentage of the employee’s fault.[1] On December 10, 1993, this Court granted the application for rehearing, without having been notified that a settlement had been consummated or that one was forthcoming. Attorneys for the respective parties have filed a joint motion to “dismiss the application” for rehearing, advising that the case has been compromised and settled. Since rehearing has already been granted, it is not possible to dismiss the application, as requested. We construe the pleading, nonetheless, as an application to have the case (which is on this Court’s docket awaiting scheduling for oral argument) dismissed with prejudice, because it has been compromised and settled. So construed, the motion to dismiss the case is granted, with prejudice, costs to be borne by the respective parties. The opinion on original hearing, dated October 18, 1993, was recalled by the grant of rehearing only insofar as it held that an employer’s right to indemnification is not reduced by the employee’s percentage of fault.
MARCUS, J., concurs and assigns reasons.
HALL, J., not on panel.

. Applicant did not take issue with the part of the opinion that was favorable to him, having to do with the percentage of his recovery costs, attorneys fees, etc., that the employer, Celotex, should he held liable to pay, upon application of the Moody formula. See Moody v. Arabie, 498 So.2d 1081 (La.1986).