| iMARVIN, Chief Judge,
concurring.
To respond to the dissent, I add these concurring remarks:
When the eight-judge en banc panel evenly divided and could not produce a majority opinion, I viewed the question as being ‘What opinion of a court of appeal becomes final and when?” I did not, in the per cu-riam which I authored for the five-judge majority, address the question stated by the dissent that is signed by three judges of the en banc panel: “Does the supreme court order simply suspend our previous opinion [rendered on rehearing on March 30, 1994, by a 3-2 majority] and hold it in limbo until the en banc panel rules, or is the previous opinion eliminated?” Dissent p. 175.
The answer to the question raised by the dissent, I believe, is answered by these authorities:
LSA-Const. Art. 5, § 8, C.C.P. Arts. 2166 and 2167;
Dauzat v. Allstate Insurance Company, 257 La. 349, 242 So.2d 539 (1970), (what constitutes a majority opinion of a court of appeal?);
Dofflemyer v. Gilley, 395 So.2d 403 (La.App. 3d Cir.1981); Daly v. Abramson, 117 So.2d 772 (La.App. 2d Cir.1960), and Consolidation Loans, Inc. v. Guercio, 356 So.2d 441 (La.App. 1st Cir.1977), (what effect does either a writ grant by the supreme court, an order granting a rehearing, or an opinion on rehearing have on a prior opinion in that case by a court of appeal?).
I interpreted the supreme court writ grant of June 24, 1994, on the application of plaintiff for review of the March 30, 1994, opinion of the five-judge rehearing panel of this court that divided 3-2, to be an order to thisj^eourt to hold an en banc rehearing on the merits of the appeal. The case was submitted on briefs to the eight-judge en bane panel on August 17, 1994, the result by that panel being set forth in the per curiam to which the dissent is leveled.